SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN: 236587)
DOW W. PATTEN, ESQ. (SBN: 135931)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone (415) 402-0084
Facsimile (415) 520-0104

Attorneys for Plaintiff
FORREST WAYNE HODGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST WAYNE HODGE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SUNSET SCAVENGER COMPANY, a California Corporation, and DOES 1-10,<br><br>Defendants. | Case No. 4:12-cv-01852-PJH<br><br>**DECLARATION OF SPENCER F. SMITH IN SUPORT OF PLAINTIFF'S MOTION TO COMPEL 30(B)(6) DEPOSITION TESTIMONY**<br><br>**DATE:    July 31, 2013**<br>**TIME:    9:00 a.m.**<br>**LOCATION:  Oakland Courthouse, Courtroom 3 -3rd Floor**<br>**1301 Clay Street, Oakland, CA 94612** |

I, Spencer F. Smith, declare as follows:

1. I am an attorney with SMTIH PATTEN, counsel of record for Plaintiff herein. I have personal knowledge of the facts set forth herein, and if called as a witness I would testify competently hereto.

2. On May 22, 2013, Plaintiff served his Amended Notice of Deposition of 30(b)(6) Person Most Knowledgeable deposition. Attached hereto as Exhibit "A" is a true and correct copy of this deposition notice.

1

3. On May 31, 2013, Defendant served its objections to Plaintiff's Notice of Deposition of Person(s) Most Knowledgeable. Attached hereto as Exhibit "B" is a true and correct copy of Defendant's Objections and Responses.

4. On June 5, 2013, Plaintiff's counsel requested a telephonic meet and confer regarding Defendant's objections to Plaintiff's 30(b)(6) deposition categories. Attached hereto as Exhibit "C" is a true and correct copy of this correspondence.

5. On June 6, 2013, the parties held a partial meet and confer regarding Defendant's objections.

6. On June 10, 2013, Plaintiff's counsel transmitted via facsimile, further meet and confer correspondence detailing Plaintiff's need for 30(b)(6) deposition testimony on each of the remaining Categories. Attached hereto as Exhibit "D" is a true and correct copy of this correspondence.

7. On June 11, 2013, Defendant's counsel responded to Plaintiff's meet and confer correspondence by informing Plaintiff that she was out of the office until Wednesday, June 12, 2013, at which point Defendant would be available for an afternoon telephonic meet and confer. Attached hereto as Exhibit "E" is a true and correct copy of this correspondence.

8. On June 11, 2013, following Defendant's correspondence, Plaintiff's counsel transmitted further meet and confer correspondence informing Defendant that Plaintiff's counsel would be prepared to meet and confer regarding, *inter alia*, Defendant's objections to the categories of information in Plaintiff's 30(b)(6) deposition notice, following the deposition of Dr. Balabegians which was scheduled for 8:00 am on June 12, 2013. Attached hereto as Exhibit "F" is a true and correct copy of this correspondence.

9. Following the deposition of Dr. Balabegians on June 12, 2013, Plaintiff's counsel attempted to meet and confer in person with one of Defendant's counsel, Ms. Soo Cho.

2

However, Ms. Cho indicated that she could not meet and confer regarding the 30(b)(6) deposition categories without Defendant counsel Ms. Dana Peterson.

10. Accordingly, following the deposition of Ms. Balabegians, at approximately 4:00 pm on June 12, 2013, the parties held a telephonic meet and confer regarding Plaintiff's 30(b)(6) deposition categories. In an attempt to resolve the parties disputes informally, Plaintiff's counsel suggested that for Categories which requested only the identities of employees, instead of designating a 30(b)(6) deponent, Defendant need only provide a declaration which included the identities of the employees as well as what steps were taken to obtain those identities. Plaintiff's counsel further suggested that  if there was no one to identify for Categories which requested identities of individuals as well as circumstances surrounding event(s), discipline(s), and/or termination(s), Defendant need only provide a declaration to that effect along with how that determination was made. The parties agreed that no motion to compel would be filed until June 20, 2013, as the parties were actively discussing the possibility of settlement of this matter.

11. On June 12, 2013, Plaintiff's counsel transmitted a follow-up letter informing Defendant that Plaintiff would hold off on all discovery motions until June 20, 2013 to avoid interference with settlement negotiations. Attached hereto as Exhibit "G" is a true and correct copy of this correspondence.

12. On June 13, 2013, Plaintiff's counsel transmitted, via facsimile, a meet and confer letter further memorializing the parties' June 12, 2013 telephonic meet and confer. Attached hereto as Exhibit "H" is a true and correct copy of this correspondence.

13. On June 19, 2013, Plaintiff's counsel followed up on its June 13, 2013 meet and confer correspondence and informed Defendant's counsel if the parties are unable to resolve these issues through the informal meet and confer process Plaintiff would file a motion to compel.  Attached hereto as Exhibit "I" is a true and correct copy of this correspondence.

3

14. On June 20, 2013, Defendant's counsel transmitted correspondence regarding the possibility of providing information via declaration as suggested by Plaintiff's counsel. Defendant's counsel informed Plaintiff's counsel that it hoped to have confirmation by the end of the day on June 20, 2013. Attached hereto as Exhibit "J" is a true and correct copy of this correspondence.

15. As of the date and time of this Motion filing, Plaintiff has received no further correspondence from Defendant's counsel regarding providing information via declaration regarding the 30(b)(6) deposition notice.

I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: June _, 2013                                  SMITH PATTEN

                                                     _/s/ Spencer F. Smith_____
                                                     Spencer F. Smith, Esq.
                                                     One of Plaintiff's Attorneys

4

# Exhibit "A"

SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN: 236587)
DOW W. PATTEN, ESQ. (SBN: 135931)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone (415) 402-0084
Facsimile (415) 520-0104

Attorneys for Plaintiff
FORREST WAYNE HODGE

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST WAYNE HODGE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RECOLOGY INC., a California Corporation, SUNSET SCAVENGER COMPANY, a California Corporation, and DOES 1-10,<br><br>Defendants. | Case No. 4:12-cv-01852-PJH<br><br>**PLAINTIFF FORREST WAYNE HODGE'S AMENDED NOTICE OF DEPOSITION OF PERSON(S) MOST KNOWLEDGABLE**<br><br>**DATE: JUNE 11, 2013**<br>**TIME: 10:00 a.m.**<br>**LOCATION: SMITH PATTEN**<br>**353 Sacramento Street, Suite 1120**<br>**San Francisco, CA 94111** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure, Rule 30(b) (6) on JUNE 11, 2013 at 10:00 am, at SMITH PATTEN, located at 353 Sacramento Street, Suite 1120, San Francisco, Plaintiff, FORREST WAYNE HODGE, through his attorneys of record herein, SMITH PATTEN, will take the deposition of the Person(s) Most Knowledgeable at Defendant SUNSET SCAVENGER COMPANY, concerning the categories of information set forth below upon oral examination before a notary public authorized to administer oaths in the State of California. The deposition will commence and will continue day-to-day thereafter until complete. The deposition will be recorded by stenography and video.

//

//

//

## DEFINITIONS

1. The term "IDENTIFY" when used in reference to an individual, means to set forth the person's race, date of birth, and whether or not they ever took disability leave.

## CATEGORIES

1. Any and all investigations of your employees conducted by Jeff House from January 1, 2007 to the present.

2. Any and all investigations of your employees conducted by Tim Hester from January 1, 2007 to the present.

3. The identities of each and every employee who was terminated for dishonesty from January 1, 2007 to the present and the circumstances surrounding such termination.

4. The identities of each and every employee who was "followed" while on workers compensation leave from January 1, 2007 to the present and the circumstances surrounding the event(s).

5. The identities of each and every employee who had knowledge of Plaintiff's request for vacation to attend the trade show in January of 2010.

6. Any and all documents that Plaintiff submitted to request vacation for January of 2010.

7. The identities of each and every one of your employees treated by Dr. Brad Moy for workers compensation injuries from January 1, 2007 to the present.

8. The identities of each and every one of your employees who was terminated after being treated by Dr. Brad Moy for workers compensation injuries from January 1, 2007 to the present including the substance and circumstances surrounding such termination(s).

9. The identities of each and every one of your employees who communicated with Dr. Brad Moy or any of his officers, directors, employees, agents and/or representatives regarding Plaintiff and the substance of such communications.

10. The identities of the decision maker(s) who ordered the investigation of Plaintiff in or around January of 2010.

11. The identities of the decision maker(s) who ordered that Plaintiff be followed in or around January of 2010.

12. The identities of all of your employees who communicated with Probe Information Services regarding Plaintiff and the substance of such communication.

13. The identities of all of your employees who communicated with JT2 regarding Plaintiff and the substance of such communication.

14. Any and all policies and procedures Sunset Scavenger has regarding investigations into employees on Workers Compensation leave from January 1, 2007 to the present.

15. The identities of all employees Tim Hester recommended for termination from January 1, 2007 to the present and the circumstances surrounding the termination(s).

16. The identities of all employees disciplined for violation of Section 15(a) of the Collective bargaining Agreement between Norcal Waste Systems Inc. and the circumstances surrounding such discipline.

17. The identities of all employees terminated for violation of Section 15(a) of the Collective bargaining Agreement between Norcal Waste Systems Inc and the circumstances surrounding such termination.

18. All the disciplines Mr. Alvaro received throughout his employment with Sunset Scavenger Company.

19. All the disciplines Mr. Alfonso received throughout his employment with Sunset Scavenger Company.

20. All the disciplines Mr. Ronald received throughout his employment with Sunset Scavenger Company.

21. All the disciplines Mr. Rafael received throughout his employment with Sunset Scavenger Company.

22. The benefits and compensation Plaintiff received at the time Sunset Scavenger Company terminated his employment.

23. IDENTIFY all curbside recycling collectors.

24. IDENTIFY all employees who have been terminated after taking disability leave from 2007 to the present.

25. The hire date of all curbside recycling collectors working at Sunset Scavenger Company in 2010.

26. All employees who were given light duty work as an accommodation for a disability.

## NOTICE TO PRODUCE DOCUMENTS

The deponent is requested to produce for inspection and copying at the time of deposition all documents, including but not limited to, notes, drafts, email, text messages, file folders, desk folders, calendars, reports and any other document or item referring or relating to the categories listed above.

1. Assignments of all routes for curbside collectors from January 1, 2007 to the present.

2. Plaintiff's vacation schedule from January 1, 2007 through the date of termination of his employment.

Dated: MAY 12, 2013

SMITH PATTEN

DOW W. PATTEN
SPENCER F. SMITH
Attorneys for Plaintiff
FORREST WAYNE HODGE

PLAINTIFF'S AMENDED NOTICE OF DEPOSITION OF PERSON(S) MOST KNOWLEDGEABLE
4:12-CV-01852-PJH

1    **PROOF OF SERVICE**

2          I am employed in the County of San Francisco, State of California.  I am over the age of

3    18 and not a party to the within action.  My business address in 353 Sacramento St., Suite 1120,

4    San Francisco, CA 94111.

5    On May 22, 2013 I served the documents described as:

6    **PLAINTIFF FORREST WAYNE HODGE'S AMENDED NOTICE OF DEPOSITION OF**

7    **PERSON(S) MOST KNOWLEDGABLE**

8    on the party(ies) listed below, addressed as follows:

9

10   Dana L. Peterson, Esq.
     Soo Cho, Esq.
11   Seyfarth Shaw LLP
     560 Mission Street, 31st Floor
12   San Francisco, California 94105

13

14   by USPS first class mail, postage prepaid, at San Francisco, California.

15

16   I declare under penalty of perjury under the laws of the United States of America that the above

17   is true and correct.

18

19   Executed on May 22, 2013 at San Francisco, California.

20

21

22

23                                      MELISSA SOTTO

24

25

26

27

28

# Exhibit "B"

# SEYFARTH
**ATTORNEYS** SHAW LLP

560 Mission Street, 31st Floor

San Francisco, California 94105

(415) 397-2823

fax (415) 397-8549

www.seyfarth.com

Writer's direct phone
(415) 544-1016

Writer's e-mail
scho@seyfarth.com

May 31, 2013

Spencer F. Smith, Esq.
Dow Patten, Esq.
Smith Patten
353 Sacramento Street, Suite 1120
San Francisco, California 94111

Re:   **Hodge v. Sunset Scavenger Company**

Dear Messers. Smith and Patten:

I write to meet and confer regarding several deficiencies in Plaintiff's Person Most Knowledgeable ("PMK") Notice of Deposition served on May 17, 2013. First, the Notice, unilaterally served prior to meeting and conferring regarding Defendant's availability for deposition, contains two Requests for Production. In light of the discovery cut-off of June 14, 2013, the Notice fails to provide the 30 days' notice required by Federal Rule of Civil Procedure 34 for the production of documents. As such, Defendant will not produce the documents requested along with the Notice.

Additionally, a substantial portion of Plaintiff's 26 testimony categories are improper. For example, Plaintiff requests that Defendant's PMK testify regarding the knowledge of "each and every employee." Clearly Defendant cannot provide a person most knowledgeable regarding the knowledge of third-parties. In other instances, Plaintiff requests irrelevant, private, third-party information, including medical information about other employees that bears no relevance to Plaintiff's claims. And in yet other categories Plaintiff requests information with no date limitation, which is clearly overbroad and burdensome, and requests information about employees of entities other than Sunset Scavenger, which is entirely irrelevant. Defendant has enclosed objections to the Notice articulating these objections and indicating whether Defendant will produce a PMK. Defendant is of course willing to meet and confer regarding the scope of the remaining topics. Please contact us if you wish to meet and confer further.

LONDON

WASHINGTON, D.C.

SAN FRANCISCO

SACRAMENTO

NEW YORK

LOS ANGELES

HOUSTON

CHICAGO

BOSTON

ATLANTA



As for the topics upon which we will agree to produce a witness to testify, it appears that June 11th is not going to work for the deposition date.  We are currently checking to see if the witnesses are available on either June 13th or 14th, but if those dates will not work for you, please advise.

Very truly yours,

SEYFARTH SHAW LLP

Soo Cho

SC:srs

THIS LETTERHEAD IS PRINTED ON RECYCLED STOCK

1   SEYFARTH SHAW LLP
    Dana L. Peterson (SBN 178499) dpeterson@seyfarth.com
2   2029 Century Park East, Suite 3500
    Los Angeles, California 90067-3021
3   Telephone:     (310) 277-7200
    Facsimile:     (310) 201-5219
4
    SEYFARTH SHAW LLP
5   Soo Cho (SBN 254712) scho@seyfarth.com
    560 Mission Street, Suite 3100
6   San Francisco, California 94105
    Telephone:     (415) 397-2823
7   Facsimile:     (415) 397-8549

8   Attorneys for Defendant
    SUNSET SCAVENGER COMPANY
9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12

13  FORREST WAYNE HODGE, an individual,,        Case No. 4:12-CV-01852-PJH

14              Plaintiff,                       **DEFENDANT'S OBJECTIONS TO
                                                 PLAINTIFF'S NOTICE OF
15       v.                                      DEPOSITION OF PERSON(S) MOST
                                                 KNOWLEDGEABLE**
16  RECOLOGY INC., a California Corporation,
    SUNSET SCAVENGER COMPANY, a
17  California Corporation, and DOES 1-10,,

18              Defendants.

19

20          PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

21  Procedure, Defendant SUNSET SCAVENGER COMPANY ("Defendant") by and through its

22  attorney of record, hereby objects to Plaintiff FORREST WAYNE HODGE's ("Plaintiff")

23  30(b)(6) Deposition Notice as follows:

24  ///

25  ///

26  ///

27

28

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF PERSON(S) MOST
KNOWLEDGEABLE / CASE NO. 1:12-CV-01852-PJH

# DEFENDANT'S PRELIMINARY STATEMENT

## AND OBJECTIONS TO TOPIC CATEGORIES AND DOCUMENT REQUESTS

Defendant responds to this notice and the accompanying requests for production of documents subject to the following general and specific objections.

1.      These objections are based on Defendant's present knowledge, information and belief. Defendant has not completed its investigation and discovery of the facts relating to this lawsuit. All of the responses contained herein are based only on such information and documents as are available and specifically known to Defendant. Defendant reserves the right to amend or supplement these objections when and if new or additional material or information becomes available.

2.      Defendant is not making any incidental or implied admissions in responding to this Notice or the accompanying requests for production of documents, nor should any of their responses be construed as such. Defendant submits these objections and responses subject to:

a.      Any objections as to the competency, relevance, materiality, privilege or admissibility of any of the responses or of any documents identified in response to the requests;

b.      The right to object to other discovery procedures involving or relating to the subject matter of the responses given and documents identified in response to the requests; and

c.      The right to revise, correct, supplement or clarify any of the responses herein at any time, including at trial.

3.      Defendant objects to each request to the extent it purports to impose obligations on Defendant greater than those imposed by the Federal Rules of Civil Procedure, the Rules of Court, or the Local Rules of this Court.

4.      Defendant objects to each request to the extent it purports to impose an obligation on Defendant to provide a response for or on behalf of any other person or entity and/or seeks documents or information not in their possession, custody or control.

2

1    5.    Defendant objects to the production of any document requested in the notice

2    where: (1) such document has already been produced; (2) the noticing parties are already in

3    possession of such document; (3) such document is equally available to all parties; or (4) it

4    would be overly burdensome to produce such document.

5    6.    Defendant objects to each request to the extent it seeks information and/or

6    documents that are neither relevant to the subject matter of this action nor reasonably calculated

7    to lead to the discovery of admissible evidence.

8    7.    Defendant objects to each request to the extent that it is overbroad, burdensome,

9    or oppressive in scope.

10    8.    Defendant objects to each request insofar as it seeks information subject to the

11    attorney-client privilege, including the joint defense or common interest exception, the work-

12    product doctrine, the litigation privilege, or any other privilege or protection from disclosure.

13    Any inadvertent disclosure of such information and/or documents or things will not be deemed a

14    waiver of any privilege with respect to such information and/or documents or things or of any

15    work product protection thereto.

16    9.    Defendant objects to each request to the extent it seeks confidential trade or

17    business data or other non-public, proprietary, or confidential documents or information, or

18    documents or information protected from disclosure by applicable law.

19    10.    Defendant objects to each request to the extent it seeks confidential information of

20    or about current or former employees because providing such information would invade their

21    legally protected rights, including but not limited to their right of privacy.

22    11.    Defendant objects to the notice to the extent that the discovery sought is

23    unreasonably cumulative or duplicative of information already requested or produced in this

24    litigation, and therefore unduly burdensome, harassing, and oppressive, and to the extent that it

25    seeks information that is presumptively within the possession, custody or control of plaintiffs or

26    other parties, and hence obtainable from some other source that is more convenient, less

27    burdensome and less expensive.

28

3

1    12.    Defendant objects to the notice insofar as it invades the rights of privacy

2  guaranteed under the US Constitution, the California Constitution, statute or rule of law.

3    13.    Defendant objects to Plaintiff's definition of the term "IDENTIFY." Plaintiff has

4  defined this term to included "whether or not they ever took disability leave." Defendant objects

5  to the extent that this definition is overbroad, seeks confidential third-party information, and

6  seeks information that is neither relevant to the subject matter of this action nor reasonably

7  calculated to lead to the discovery of admissible evidence

8    Each general objection applies to and is incorporated by reference in each response

9  below.

10 **CATEGORY NO. 1**

11    Any and all investigations of your employees conducted by Jeff House from January 1,

12 2007 to the present.

13 **OBJECTION TO CATEGORY NO. 1**

14    Defendant objects to this category and the use of the terms "investigation" and "conduct"

15 as vague and ambiguous. Defendant objects to this category to the extent it seeks testimony or

16 information that is irrelevant and not reasonably calculated to lead to the discovery of admissible

17 evidence. Defendant objects to this category as overbroad and unduly burdensome. Defendant

18 further objects to this category to the extent that it seeks information protected by third-party

19 privacy rights.

20 **CATEGORY NO. 2**

21    Any and all investigations of your employees conducted by Tim Hester from

22 January 1, 2007 to the present.

23 **OBJECTION TO CATEGORY NO. 2**

24    Defendant objects to this category and the use of the terms "investigation" and "conduct"

25 as vague and ambiguous. Defendant objects to this category to the extent it seeks testimony that

26 is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

27

28

4

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF PERSON(S) MOST
KNOWLEDGEABLE / CASE NO. 4:12-CV-01852-PJH

1  Defendant objects to this category as overbroad and unduly burdensome.  Defendant objects to

2  this category to the extent that it seeks information protected by third-party privacy rights.

3  **CATEGORY NO. 3**

4       The identities of each and every employee who was terminated for dishonesty from

5  January 1, 2007 to the present and the circumstances surrounding such termination.

6  **OBJECTION TO CATEGORY NO. 3**

7       Defendant objects to this category and the use of the term "circumstances surrounding

8  such termination" as vague and ambiguous.  Defendant objects to this category to the extent it

9  seeks testimony that is irrelevant and not reasonably calculated to lead to the discovery of

10  admissible evidence.  Defendant objects to this category to the extent that it seeks information

11  protected by third-party privacy rights.  Defendant objects to this category to the extent that it is

12  duplicative of previous discovery and is harassing.

13  **CATEGORY NO. 4**

14       The identities of each and every employee who was "followed" while on workers

15  compensation leave from January 1, 2007 to the present and the circumstances surrounding the

16  event(s).

17  **OBJECTION TO CATEGORY NO. 4**

18       Defendant objects to this category and the use of the terms "followed" and

19  "circumstances surrounding the event(s)" as vague and ambiguous.  Defendant objects to this

20  category to the extent it seeks testimony that is irrelevant and not reasonably calculated to lead to

21  the discovery of admissible evidence.  Defendant objects to this category to the extent that it

22  seeks information protected by third-party privacy rights.  Defendant objects to this category to

23  the extent that it is duplicative of previous discovery and harassing.

24  **CATEGORY NO. 5**

25       The identities of each and every employee who had knowledge of Plaintiff's request for

26  vacation to attend the trade show in January of 2010.

27

28

1 | **OBJECTION TO CATEGORY NO. 5**

2 |      Defendant objects to this category and the use of the terms "trade show" as vague and

3 | ambiguous. Defendant objects to this category and the use of the term "each and every

4 | employee" as overbroad. Defendant objects to this category to the extent it seeks testimony or

5 | documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible

6 | evidence. Defendant objects to this category to the extent that it implicates third-party privacy

7 | rights. Defendant objects to this category to the extent that it is duplicative of previous discovery

8 | and harassing. Defendant further objects to this category to the extent that it seeks information

9 | that cannot be answered by a PMK on behalf of Sunset Scavenger. Defendant is unable to testify

10 | regarding the knowledge of "each and every employee."

11 | **CATEGORY NO. 6**

12 |      Any and all documents that Plaintiff submitted to request vacation for January 2010.

13 | **OBJECTION TO CATEGORY NO. 6**

14 |      Defendant objects to this category and the use of the terms "documents" and "submitted"

15 | as vague and ambiguous.

16 |      Subject to and without waiver of these objections, Defendant responds: Defendant will

17 | produce a PMK to testify on this topic.

18 | **CATEGORY NO. 7**

19 |      The identities of each and every one of your employees treated by Dr. Brad Moy for

20 | workers compensation injuries from January 1, 2007 to the present.

21 | **OBJECTION TO CATEGORY NO. 7**

22 |      Defendant objects to this category and the use of the terms "treated" and "workers

23 | compensation injuries" as vague and ambiguous. Defendant objects to this category and the use

24 | of the term "each and every employee" as overbroad. Defendant objects to this category as

25 | overbroad and unduly burdensome. Defendant objects to this category to the extent it seeks

26 | testimony or documents that are irrelevant and not reasonably calculated to lead to the discovery

27 | of admissible evidence. Defendant objects to this category to the extent that it seeks information

28 |

1  protected by third-party privacy rights.  Defendant further objects to this category to the extent

2  that it seeks information that cannot be answered by a PMK on behalf of Sunset Scavenger.

3  Defendant is unable to testify regarding the medical treatment history of "each and every

4  employee" who treated for a workers' compensation injury.  Defendant further objects on the

5  grounds that attempting to obtain this information would require manually reviewing each file in

6  its position regarding employees who received medical treatment for a worker's compensation

7  injury to identify any reference or note from Dr. Moy, a task which would be prohibitively time-

8  consuming and burdensome.  The burdens for outweigh any marginal relevance this (private)

9  information has to Plaintiff's claims in this case.

10  **CATEGORY NO. 8**

11        The identities of each and every one of your employees who was terminated after being

12  treated by Dr. Brad Moy for workers compensation injuries from January 1, 2007 to the present

13  including the substance and circumstances surrounding such termination(s).

14  **OBJECTION TO CATEGORY NO. 8**

15        Defendant objects to this category and the use of the terms "treated," "workers

16  compensation injuries," "substance and circumstances surrounding such termination(s)" as vague

17  and ambiguous.  Defendant objects to this category and the use of the term "each and every

18  employee" as overbroad.  Defendant objects to this category as overbroad and unduly

19  burdensome.  Defendant objects to this category to the extent it seeks testimony or documents

20  that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

21  Defendant objects to this category to the extent that it seeks information protected by third-party

22  privacy rights.  Defendant further objects to this category to the extent that it seeks information

23  that cannot be answered by a PMK on behalf of Sunset Scavenger.  Defendant is unable to testify

24  regarding the medical history of "each and every employee."  Defendant further objects on the

25  grounds that attempting to obtain this information would require manually reviewing each file in

26  its position regarding employees who received medical treatment for a worker's compensation

27  injury over the course of 6 years to identify any reference or note from Dr. Moy,  a task which

28

7

1   would be prohibitively time-consuming and burdensome.  The burdens for outweigh any

2   marginal relevance this (private) information has to Plaintiff's claims in this case.

3   **CATEGORY NO. 9**

4          The identities of each and every one of your employees who communicated with Dr.

5   Brad Moy or any of his officers, directors, employees, agents and/or representatives regarding

6   Plaintiff and the substance of such communications.

7   **OBJECTION TO CATEGORY NO. 9**

8          Defendant objects to this category and the use of the terms "communicated" and

9   "substance of such communication" as vague and ambiguous.  Defendant objects to this category

10  and the use of the term "each and every employee" as overbroad.  Defendant further objects to

11  this category to the extent that it seeks information that cannot be answered by a PMK on behalf

12  of Sunset Scavenger.  Defendant is unable to testify regarding communications by "each and

13  every employee," however, at present, Defendant is unaware of any employee communicating

14  with Dr. Moy regarding Plaintiff other than Plaintiff himself, and Plaintiff is already aware of the

15  substance of those communications.

16  **CATEGORY NO 10**

17         The identities of the decision maker(s) who ordered the investigation of Plaintiff in or

18  around January of 2010.

19  **OBJECTION TO CATEGORY NO. 10**

20         Defendant objects to this category and the use of the terms "decision maker(s)" and

21  "investigation" as vague and ambiguous.  Defendant further objects to this category to the extent

22  that it seeks information that cannot be answered by a PMK on behalf of Sunset Scavenger.

23  Defendant is unable to testify regarding decisions made by third parties.  Defendant further

24  objects that those involved in the recommendation and approval of the request for authority to

25  investigate have already been disclosed in discovery in this action and this request is duplicative

26  and harassing.

27

28
                                          8

1  **CATEGORY NO. 11**

2      The identities of the decision maker(s) who ordered that Plaintiff be followed in or

3  around January of 2010.

4  **OBJECTION TO CATEGORY NO. 11**

5      Defendant objects to this category and the use of the terms "decision maker(s)" and

6  "followed" as vague and ambiguous.  Defendant further objects to this category to the extent that

7  it seeks information that cannot be answered by a PMK on behalf of Sunset Scavenger.

8  Defendant is unable to testify on behalf of its third-party workers compensation benefits

9  provider.

10  **CATEGORY NO. 12**

11      The identities of all of your employees who communicated with Probe Information

12  Services regarding Plaintiff and the substance of such communication.

13  **OBJECTION TO CATEGORY NO. 12**

14      Defendant objects to this category and the use of the terms "communicated" and

15  "substance of such communication" as vague and ambiguous.  Defendant further objects to this

16  request to the extent it presumes that any Sunset Scavenger employee, other than Plaintiff,

17  communicated with Probe Information Services regarding Plaintiff.  At present, Defendant is

18  unaware of any employee communicating with Probe Investigative Services regarding Plaintiff

19  other than Plaintiff himself, and Plaintiff is already aware of the substance of those

20  communications.

21  **CATEGORY NO. 13**

22      The identities of all of your employees who communicated with JT2 regarding Plaintiff

23  and the substance of such communication.

24  **OBJECTION TO CATEGORY NO. 13**

25      Defendant objects to this category and the use of the terms "communicated" and

26  "substance of such communication" as vague and ambiguous.  Defendant further objects to this

27  request as overbroad as to time and scope.

28

9

1        Subject to and without waiver of these objections, Defendant responds: Defendant will

2 produce a PMK to testify regarding communications with JT2 regarding Plaintiff.

3 **CATEGORY NO. 14**

4        Any and all policies and procedures Sunset Scavenger has regarding investigations into

5 employees on Workers Compensation leave from January 1, 2007 to the present.

6 **OBJECTION TO CATEGORY NO. 14**

7        Defendant objects to this category and the use of the terms "policies," "procedures" and

8 "investigations" as vague and ambiguous. Defendant objects to this category to the extent that it

9 is duplicative of previous discovery and harassing. Defendant further objects to the extent that

10 this request is overbroad as to time.

11        Subject to and without waiver of these objections, Defendant responds: Defendant will

12 produce a PMK to testify regarding Defendant's policies and procedures regarding Sub-rosa

13 investigations of employees on workers compensation leave.

14 **CATEGORY NO. 15**

15        The identities of all employees Tim Hester recommended for termination from January 1,

16 2007 to the present and the circumstances surrounding the termination(s).

17 **OBJECTION TO CATEGORY NO. 15**

18        Defendant objects to this category and the use of the terms "recommended" and

19 "circumstances surrounding the termination(s)" as vague and ambiguous. Defendant objects to

20 this category as overbroad and unduly burdensome. Defendant objects to this category to the

21 extent it seeks testimony or documents that are irrelevant and not reasonably calculated to lead to

22 the discovery of admissible evidence. Defendant objects to this category to the extent that it

23 seeks information protected by third-party privacy rights.

24 **CATEGORY NO. 16**

25        The identities of all employees disciplined for violation of Section 15(a) of the collective

26 bargaining agreement between Norcal Waste Systems Inc. and the circumstances surrounding

27 such discipline.

28

1  **OBJECTION TO CATEGORY NO. 16**

2  Defendant objects to this category and the use of the terms "disciplined," "violation" and

3  "circumstances surrounding such discipline" as vague and ambiguous.  Defendant objects to this

4  category as overbroad as to scope and time, and unduly burdensome.  Defendant objects to this

5  category to the extent it seeks testimony or documents that are irrelevant and not reasonably

6  calculated to lead to the discovery of admissible evidence.  Defendant objects to this category to

7  the extent that it seeks information protected by third-party privacy rights.

8  **CATEGORY NO. 17**

9  The identities of all employees terminated for violation of Section 15(a) of the collective

10  bargaining agreement between Norcal Waste Systems and the circumstances surrounding such

11  termination.

12  **OBJECTION TO CATEGORY NO. 17**

13  Defendant objects to this category and the use of the terms "violation" and

14  "circumstances surrounding such termination" as vague and ambiguous.  Defendant objects to

15  this category as overbroad as to scope and time, and unduly burdensome.  Defendant objects to

16  this category to the extent it seeks testimony or documents that are irrelevant and not reasonably

17  calculated to lead to the discovery of admissible evidence.  Defendant objects to this category to

18  the extent that it implicates third-party privacy rights.  Defendant objects to this category to the

19  extent it is duplicative of previous discovery and harassing.

20  **CATEGORY NO. 18**

21  All the disciplines Mr. Alvaro received throughout his employment with Sunset

22  Scavenger Company.

23  **OBJECTION TO CATEGORY NO. 18**

24  Defendant objects to this category and the use of the term "disciplines" as vague and

25  ambiguous.  Defendant objects to this category as overbroad as to scope and time, and on the

26  grounds that it is unduly burdensome.  Defendant objects to this category to the extent it seeks

27  testimony or documents that are irrelevant and not reasonably calculated to lead to the discovery

28

11

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF PERSON(S) MOST<br>KNOWLEDGEABLE / CASE NO. 4:12-CV-01852-PJH

1    of admissible evidence. Defendant objects to this category to the extent that it seeks information

2    protected by third-party privacy rights.

3    **CATEGORY NO. 19**

4        All the disciplines Mr. Alfonso received throughout his employment with Sunset

5    Scavenger Company.

6    **OBJECTION TO CATEGORY NO. 19**

7        Defendant objects to this category and the use of the term "disciplines" as vague and

8    ambiguous. Defendant objects to this category as overbroad as to scope and time, and on the

9    grounds that it is unduly burdensome. Defendant objects to this category to the extent it seeks

10    testimony or documents that are irrelevant and not reasonably calculated to lead to the discovery

11    of admissible evidence. Defendant objects to this category to the extent that it seeks information

12    protected by third-party privacy rights.

13    **CATEGORY NO. 20**

14        All the disciplines Mr. Ronald received throughout his employment with Sunset

15    Scavenger Company.

16    **OBJECTION TO CATEGORY NO. 20**

17        Defendant objects to this category and the use of the term "disciplines" as vague and

18    ambiguous. Defendant objects to this category as overbroad as to scope and time, and on the

19    grounds that it is unduly burdensome. Defendant objects to this category to the extent it seeks

20    testimony or documents that are irrelevant and not reasonably calculated to lead to the discovery

21    of admissible evidence. Defendant objects to this category to the extent that it seeks information

22    protected by third-party privacy rights.

23    **CATEGORY NO. 21**

24        All the disciplines Mr. Rafael received throughout his employment with Sunset

25    Scavenger Company.

26

27

28

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF PERSON(S) MOST
KNOWLEDGEABLE / CASE NO. 4:12-CV-01852-PJH

1 **OBJECTION TO CATEGORY NO. 21**

2       Defendant objects to this category and the use of the term "disciplines" as vague and

3 ambiguous.  Defendant objects to this category as overbroad as to scope and time, and on the

4 grounds that it is unduly burdensome.  Defendant objects to this category to the extent it seeks

5 testimony or documents that are irrelevant and not reasonably calculated to lead to the discovery

6 of admissible evidence.  Defendant objects to this category to the extent that it seeks information

7 protected by third-party privacy rights.

8 **CATEGORY NO. 22**

9       The benefits and compensation Plaintiff received at the time Sunset Scavenger Company

10 terminated his employment.

11 **OBJECTION TO CATEGORY NO. 22**

12       Defendant objects to this category and the use of the terms "benefits" and

13 "compensation" as vague and ambiguous.  Defendant objects to this category to the extent it is

14 duplicative of previous discovery and harassing.

15       Subject to and without waiver of these objections, Defendant responds: Defendant will

16 produce a PMK to testify regarding the benefits and compensation received by Plaintiff at the

17 time of Plaintiff's termination.

18 **CATEGORY NO. 23**

19       IDENTIFY all curbside recycling collectors.

20 **OBJECTION TO CATEGORY NO. 23**

21       Defendant objects to Plaintiff's definition of the term "IDENTIFY."  Plaintiff has defined

22 this term to included "whether or not they ever took disability leave." Defendant objects to the

23 extent that this definition is overbroad, seeks confidential third-party information in violation of

24 third-party privacy rights, and seeks information that is neither relevant to the subject matter of

25 this action nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant

26 objects to this category as overbroad as to scope and time and on the grounds that it is unduly

27 burdensome.  Defendant objects to this category to the extent it seeks testimony or information

28

1   that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

2   Defendant objects to this category to the extent that it seeks information protected by third-party

3   privacy rights.

4   **CATEGORY NO. 24**

5       IDENTIFY all employees who have been terminated after taking disability leave from

6   2007 to the present.

7   **OBJECTION TO CATEGORY NO. 24**

8       Defendant objects to Plaintiff's definition of the term "IDENTIFY." Plaintiff has defined

9   this term to included "whether or not they ever took disability leave." Defendant objects to the

10  extent that this definition is overbroad, seeks confidential third-party information in violation of

11  third-party privacy rights, and seeks information that is neither relevant to the subject matter of

12  this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant

13  objects to this category as overbroad and unduly burdensome. Defendant objects to this category

14  to the extent it seeks testimony or documents that are irrelevant and not reasonably calculated to

15  lead to the discovery of admissible evidence.

16  **CATEGORY NO. 25**

17      The hire date of all curbside recycling collectors working at Sunset Scavenger Company

18  in 2010.

19  **OBJECTION TO CATEGORY NO. 25**

20      Defendant objects to this category as overbroad as to time and scope. Defendant objects

21  to this category to the extent it seeks testimony or information that is irrelevant and not

22  reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this

23  category to the extent that it seeks confidential third-party information in violation of third-party

24  privacy rights.

25  **CATEGORY NO. 26**

26      All employees who were given light duty work as an accommodation for a disability.

27

28

1  **OBJECTION TO CATEGORY NO. 26**

2         Defendant objects to this category and the use of the terms "light duty work,"

3  "accommodation," and "disability" as vague and ambiguous.  Defendant objects to this category

4  as overbroad as to scope and time and on the grounds that it is unduly burdensome.  Defendant

5  objects to this category to the extent it seeks testimony or information that is irrelevant and not

6  reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects to this

7  category to the extent that it seeks confidential third-party information in violation of third-party

8  privacy rights.

9  **REQUESTS FOR PRODUCTION**

10  **REQUEST FOR PRODUCTION NO. 1**

11         Assignments of all routes for curbside collectors from January 1, 2007 to the present.

12  **OBJECTION TO REQUEST FOR PRODUCTION NO. 1**

13         Defendant objects to this category and the use of the term "assignments" and "routes" as

14  vague and ambiguous.  Defendant objects to this request as overbroad and unduly burdensome.

15  Defendant objects to this category to the extent it seeks documents that are irrelevant and not

16  reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects to this

17  request on the grounds that pursuant to Federal Rule of Civil Procedure 34 a minimum of 30

18  days' notice is required for all document requests, including those requested along with

19  deposition notices.

20         Subject to and without waiver of these objections, Defendant responds: Defendant will

21  not produce documents responsive to this request.

22  **REQUEST FOR PRODUCTION NO. 2**

23         Plaintiff's vacation schedule from January 1, 2007 through the date of termination of his

24  employment.

25

26

27

28

15

1   **OBJECTION TO REQUEST FOR PRODUCTION NO. 2**

2       Defendant objects to this request on the grounds that pursuant to Federal Rule of Civil

3   Procedure 34 a minimum of 30 days' notice is required for all document requests, including

4   those requested along with deposition notices.

5       Subject to and without waiver of these objections, Defendant responds: Defendant will

6   not produce documents responsive to this request.

7

8   DATED: May 31, 2013                  SEYFARTH SHAW LLP

9

10                             By: _____

11                               Dana L. Peterson

                                 Soo Cho

12                               Attorneys for Defendant

                                 SUNSET SCAVENGER COMPANY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF PERSON(S) MOST
KNOWLEDGEABLE / CASE NO. 4:12-CV-01852-PJH

15720180v.1 / 35655-000043

1
## PROOF OF SERVICE

2      I am a resident of the State of California, over the age of eighteen years, and not a
3  party to the within action. My business address is 560 Mission Street, 31st Floor, San
Francisco, California 94105. On May 31, 2013, I served the within document(s):

4  **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
PERSON(S) MOST KNOWLEDGEABLE**

5

6  ☐   I sent such document from facsimile machines (415) 397-8549 on May 31, 2013. I
certify that said transmission was completed and that all pages were received and that a
7  report was generated by said facsimile machine which confirms said transmission and
receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing
a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

8

9  ☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully
prepaid, in the United States mail at San Francisco, California, addressed as set forth
below.

10

11  ☐   by personally arranging for delivery of the document(s) listed above to the person(s) at
the address(es)   set forth below.

12  ☐   by placing the document(s) listed above, together with an unsigned copy of this
declaration, in a sealed envelope or package provided by an overnight delivery carrier
13  with postage paid on account and deposited for collection with the overnight carrier at
San Francisco, California, addressed as set forth below.

14

15  ☐   by transmitting the document(s) listed above, electronically, via the e-mail addresses
set forth below.

16  ☐   electronically by using the Court's ECF/CM System.

17

18      Spencer F. Smith, Esq.
Dow Patten, Esq.
19      Smith Patten
353 Sacramento Street, Suite 1120
20      San Francisco, California 94111

21      I am readily familiar with the firm's practice of collection and processing correspondence
for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
22  day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
23  meter date is more than one day after date of deposit for mailing in affidavit.

24      I declare under penalty of perjury under the laws of this Court that the above is true and
correct.
25

26      Executed on May 31, 2013, at San Francisco, California.

27                                    *Shante R. Stitt*
                                          Shante Stitt
28

17

Exhibit "C"



**SMITH**
**PATTEN**

353 Sacramento St., Suite 1120
San Francisco, CA 94111
v 415-402-0084
f 415-520-0104
www.smithpatten.com

*VIA FACSIMILE NO.: (415) 397-8549*

June 5, 2013

Dana L. Peterson, Esq.
Soo Cho, Esq.
Seyfarth Shaw LLP
560 Mission Street, 31st Floor
San Francisco, California 94105

           Re:   *Hodge v. Sunset Scavenger Company, et al.*
                 USDC Case No. 12-01852 PJH

Dear Ms. Peterson and Ms. Cho,

      We are in receipt of your meet and confer correspondence of earlier today. In light of your refusal to produce a 30(b)(6) deponent for any category besides 6, 13, 14 and 22, we request a telephonic meet and confer for tomorrow, June 6, 2013.

      Please provide us with your availability to meet and confer tomorrow, June 6, 2013, on the remaining PMK categories. If we do not resolve these issues by close of business tomorrow we will move to for relief from the scheduling order and file a motion to compel.

Very truly yours,

Spencer F. Smith

TRANSMISSION VERIFICATION REPORT

```
TIME    : 06/05/2013 18:21
NAME    : SMITH PATTEN
FAX     : 4155200104
TEL     : 4154020084
SER.# : U62702J1N925790
```

```
DATE,TIME              06/05  18:21
FAX NO./NAME           3978549
DURATION               00:00:14
PAGE(S)                01
RESULT                 OK
MODE                   STANDARD
                       ECM
```

# Exhibit "D"



# SMITH
## PATTEN

353 Sacramento St., Suite 1120
San Francisco, CA 94111
v 415-402-0084
f 415-520-0104
www.smithpatten.com

*VIA FACSIMILE NO.: (415) 397-8549*

June 10, 2013

Dana L. Peterson, Esq.
Soo Cho, Esq.
Seyfarth Shaw LLP
560 Mission Street, 31ˢᵗ Floor
San Francisco, California 94105

              Re:    *Hodge v. Sunset Scavenger Company, et al.*
                      USDC Case No. 12-01852 PJH

Dear Ms. Peterson and Ms. Cho,

      This letter is to follow-up on our telephonic meet and confer of June 6, 2013, regarding, *inter alia*, Defendant's objections to Plaintiff's 30(b)(6) person most knowledgeable categories. Below please find a detailed meet and confer regarding Defendant's objections and refusal to designate a 30(b)(6) deponent for Category Nos. 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 12, 15, 16, 17 18, 19, 20, 21, 23, 24, 25, and 26.

      As an initial matter Defendant objects to Category Nos. 1, 2, 3, 4, 5, 7, 8, 15, 16, 17, 18, 19, 20, 21, 24, 25, and 26, on the grounds that it seeks information protected by third-party privacy rights. As you are aware, on February 20, 2013, the Court granted the parties' Stipulated Protective Order. (Docket "Dkt" #32) In order to protect against any intrusion into third-party privacy rights, Plaintiff suggests the use of either numerical identifiers or use of initials so that third-party identities are not disclosed. Please let us know if Defendant is amendable to this means of de-identification.

      With respect to Category Nos. 1, 2, 15, 16, 17, 18, 19, 20, 21, 23, 24, and 26, Defendant objects, *inter alia*, on the grounds that the Categories are overbroad and unduly burdensome. However, Defendant fails to state with particularity what about the Categories makes them unduly burdensome to Defendant. Defendant further objects on the grounds that this Category is overbroad and unduly burdensome. However, Defendant fails to state what about the request is unduly burdensome. The party claiming that a discovery request(s) is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence. *Jackson v. Montgomery*

1

*Ward & Co.*, 173 F.R.D. 524, 528-529 (D. Nev. 1997); *see also Burton Mechanical Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 233 (N.D. Ind. 1992); see, e.g., *Coleman v. American Red Cross*, 23 F.3d 1091, 1098 (6th Cir. 1994) (objection sustained where defendant specifically alleged that compliance would require searching every file in existence at company headquarters). Due to the absence of specific facts which indicate the nature and extent of the burden, we cannot meaningfully meet and confer. Accordingly, please provide Plaintiff with further detail as to the burden of these Categories so that we may meaningfully meet and confer on these issues.

**Category No. 1 and 2**: *Any and all investigations of your employees conducted by Jeff House/Tim Hester from January 1, 2007 to the present.*

Defendant objects to this Category on the grounds it is vague and ambiguous as to the terms "investigation" and "conduct". Plaintiff will attempt to define these terms in order to clarify what is being sought by this Category. The term investigation with respect to this Category means any internal detailed and careful inquiry, examination, investigation in the hopes of acquiring useful evidence or information pertaining to an employee's conduct and/or behavior. With respect to the term "conduct", Plaintiff seeks testimony as to any investigation in which Jeff House or Tim Hester were actively involved with the internal process of investigating employees.

Defendant further objects on the grounds that the Category is not reasonably calculated to lead to the discovery of admissible evidence. As stated during our telephonic meet and confer, it is Plaintiff's position that this Category is reasonably calculated to lead to the discovery of circumstantial evidence of pretext that Jeff House/Tim Hester did not perform a reasonable investigation into Plaintiff's alleged dishonesty and a reasonable juror could find there is pretext for his termination. Specifically, Plaintiff received the same boilerplate termination letter as several other individuals which leads Plaintiff to believe that the internal investigation was pretext for discrimination. Therefore, Plaintiff seeks testimony from a PMK regarding other investigations of Defendant employees conducted by Jeff House in order to ascertain if Plaintiff was treated less favorably with respect to what steps were taken to investigate his alleged dishonesty.

Accordingly, Plaintiff requests Defendant designate a PMK for this Category.

**Category No. 3**: *The identities of each and every employee who was terminated for dishonesty from January 1, 2007 to the present and the circumstances surrounding such termination.*

During our telephonic meet and confer, Defendant stated that Plaintiff was already in receipt of this information in response to an Interrogatory request. After reviewing the prior meet and confer correspondence and Defendant's response to Interrogatory No. 10, Plaintiff is not in receipt of this information. If Defendant maintains that this information has been previously provided, please specify in response to which Interrogatory and/or Document Request.

Defendant objects to this Category on the grounds it is vague and ambiguous as to the term "circumstances surrounding such termination". Plaintiff will attempt to define this phrase in order to clarify what is being sought. This Category seeks testimony as to any and all conditions, facts, or events accompanying, conditioning or determinative in the decision to terminate the employees identified.

With respect to Defendant's objection that this information is not reasonably calculated to lead

to the discovery of admissible evidence, as stated during our telephonic meet and confer, this information is directly relevant to ascertaining if Plaintiff was treated less favorably than his co-workers. Moreover, it is reasonably calculated to lead to the discovery of admissible evidence animus, motive and intent on the part of Defendant as well as circumstantial evidence of pretext. Specifically, Plaintiff seeks this information to ascertain the comparisons and differences in circumstances surrounding Plaintiff's termination for alleged dishonesty and those similarly-situated to him as well as "me too" circumstantial evidence of discrimination.

Accordingly, Plaintiff requests Defendant designate a PMK for this Category.

**Category No. 4**: *The identities of each and every employee who was "followed" while on workers compensation leave from January 1, 2007 to the present and the circumstances surrounding the event(s).*

Defendant objects to this Category on the grounds it is vague and ambiguous as to the terms "circumstances surrounding such event(s)" and "followed". Plaintiff will attempt to define these terms in order to clarify what is being sought. This Category seeks testimony as to any and all conditions, facts, or events accompanying, conditioning or determining in the decision to follow the employees identified. While Defendant alleges that it was not the decision maker with respect having employees followed, Defendant is still in possession of information regarding the reasoning and circumstances for which the individuals were followed. With respect to the term "followed", Plaintiff seeks information regarding employees who were subject to surveillance while on workers compensation leave.

With respect to Defendant's objection that this information is not reasonably calculated to lead to the discovery of admissible evidence, as stated during our telephonic meet and confer, this information is directly relevant to ascertaining if Plaintiff was treated less favorably than his co-workers. Moreover, it is reasonably calculated to lead to the discovery of admissible evidence animus, motive and intent on the part of Defendant as well as circumstantial evidence of pretext. Specifically, Plaintiff seeks this information to ascertain the comparisons and differences in circumstances surrounding Plaintiff's surveillance and those similarly-situated to him as well as circumstantial "me too" evidence of discrimination.

Accordingly, Plaintiff requests Defendant designate a PMK for this Category.

**Category No. 5**: *The identities of each and every employee who had knowledge of Plaintiff's request for vacation to attend the trade show in January of 2010.*

Defendant objects to the term "trade show" as being vague and ambiguous. If Defendant is truly confused as to what this term means Plaintiff will attempt to define this term. The term "trade show" is in reference to the Fishing Expo at the Cal Expo which Plaintiff attended in January of 2010, as Defendant is well aware.

Defendant further objects on the grounds that the phrase "each and every employee" is overbroad and Defendant is unable to testify regarding the knowledge of "each and every employee." Defendant has taken this phrase out of context and alleged that Plaintiff is seeking and unreasonable request. As Defendant is fully aware, Plaintiff submitted and was approved for vacation leave in order to attend the Fishing Expo at the Cal Expo Center in Sacramento in January of 2010. Accordingly, there

3

are employees at Sunset Scavenger who had knowledge of this requested and approved vacation time. Plaintiff seeks to obtain the identity of those individuals. Defendant presumably has a process in which vacation requests are submitted and approved; therefore, Defendant has knowledge of employees who were privy to the fact that Mr. Hodge had approved leave. It seems unreasonable that Defendant cannot designate an PMK to testify as to the companies knowledge of which employees had knowledge of Mr. Hodge's requested vacation.

With respect to Defendant's objection that this Category is not reasonably calculated to lead to the discovery of admissible evidence, Plaintiff disagrees. Plaintiff was terminated for dishonesty with respect to attending the Fishing Expo. Therefore, if Defendant had knowledge of Mr. Hodge's vacation a reasonable juror could find that the alleged legitimate reason for his termination was pretext for discrimination. Accordingly, Plaintiff seeks testimony as to how many employees had knowledge of Mr. Hodge's planned and approved vacation.

Accordingly, Plaintiff requests Defendant designate a PMK for this Category.

**Category No. 7**: *The identities of each and every one of your employees treated by Dr. Brad Moy for workers compensation injuries from January 1, 2007 to the present.*

Defendant objects, *inter alia*, on the grounds that the terms "treated" and "workers compensation injuries". The term "treated" is in reference to any employee who sought medical treatment and/or consultation from Dr. Moy in his professional capacity. The term "workers compensation injuries" is in reference to any employees who were treated by Dr. Moy for injuries related to a worker's compensation claim.

Defendant further objects on the grounds that it cannot designate a person most knowledgeable to testify as to the medical treatment history of each and every employee who treated for a worker's compensation injury. Defendant goes on to state that the task of determining who received medical treatment from Dr. Moy would be prohibitively time-consuming and burdensome. Based upon the documents produced in discovery in this matter, it is clear that Occupational Health Work Status Progress Reports were filled out by Dr. Moy, or one of his agents, and sent directly to Defendant. However, Defendant fails to state specific facts as to the actual number of employees who filed worker's compensation claims from January 1, 2007 to the present to support the assertion that this task would be prohibitively time-consuming and burdensome. Moreover, this Category is not seeking the PMK to testify as to each and every employees medical treatment history, rather requesting Defendant identify employees who were treated by Dr. Moy in connection to a worker's compensation injury.

Defendant further objects on the grounds this Category is not reasonably calculated to lead to the discovery of admissible evidence. Mr. Hodge was seen and treated by Dr. Moy regarding his January 2010 workers compensation injury to his right thigh. Dr. Moy placed very strict restrictions on Mr. Hodge for this injury; therefore, Plaintiff seeks to obtain the identities of other individuals also treated by Dr. Moy in order to ascertain the animus, motive and intent on the part of Defendant as well as circumstantial "me too" evidence of discrimination.

Accordingly, Plaintiff requests Defendant designate a PMK for this Category.

**Category No. 8**: *The identities of each and ever one of your employees who was terminated after being treated by Dr. Brad Moy for workers compensation injuries from January 1, 2007 to the present including the substance and circumstances surrounding such termination(s)*

Defendant objects to this Category on the grounds the Category is vague and ambiguous as to the terms "treated" and "workers compensation injuries". Please see the definitions above with respect to clarification of these terms. With respect to the phrase "substance and circumstances surrounding such termination(s)", Plaintiff seeks testimony as to any and all conditions, facts, or events accompanying, conditioning or determinative in the decision to terminate the employees identified.

Again Defendant objects on the grounds that it cannot designate a PMK to testify as tot he medical history of each and every employee. This is misrepresenting the scope of the Category. This Category seeks testimony as to the circumstances surrounding those employees who were treated by Dr. Moy for a worker's compensation injury and subsequently terminated by Defendant either while being treated by Dr. Moy or following the end of the treatment.

As previously stated, Plaintiff was seen by Dr. Moy and diagnosed as having a right thigh strain which resulted in him being placed on medical leave for an extent of time. Based upon the restrictions given by Dr. Moy, Plaintiff, upon his return to work, was investigated and subsequently terminated for allegedly being dishonest in connection with his work restrictions. Therefore, testimony as to other employees who were treated by Dr. Moy and subsequently terminated for violating their work restrictions or being dishonest is directly relevant to discovering the animus, motive and intent of Defendant as well as circumstantial "me too" evidence of discrimination.

Accordingly, Plaintiff requests Defendant designate a PMK for this Category.

**Category No. 9**: *The identities of each and every one of your employees who communicated with Dr. Brad Moy or any of his officers, directors, employees, agents and/or representatives regarding Plaintiff and the substance of such communications.*

Defendant states that, at present, Defendant is unaware of any employee communicating with Dr. Moy regarding Plaintiff other than Plaintiff himself, and Plaintiff is already aware of the substance of those communications. However, it is unclear why Defendant is unable to designate a PMK, which Plaintiff seeks to bind the company as to its knowledge concerning events directly relevant to this litigation, as to the extent of Defendant's knowledge of these communications.

Again Defendant has misrepresented the scope of this request by stating that Defendant is unable to testify regarding communications by "each and every employee". Plaintiff is not requesting Defendant designate a PMK for each and every employee at Sunset Scavenger; rather a PMK as to those individuals employed by Defendant who spoke with Dr. Moy regarding Plaintiff in connection to his January 2010 injury. Accordingly, Plaintiff requests that Defendant adequately prepare a 30(b)(6) deponent as this very limited and narrow Category. Furthermore, if Defendant is unaware of any employee communicating with Dr. Moy regarding Plaintiff other than Plaintiff himself then a 30(b)(6) PMK can testify as to this.

**Category No. 10 and 11**:
    **Category No. 10**: *The identities of the decision maker(s) who ordered the investigation of*

*Plaintiff in or around January 2010.*

**Category No. 11:** *The identities of the decision maker(S) who ordered that Plaintiff be followed in or around January of 2010.*

Defendant objects, *inter alia*, on the grounds that Defendant is unable to testify regarding decisions made by third parties. However, there is documentary evidence that Jeffery House authorized the continued surveillance of Plaintiff. Therefore, it is apparent that Mr. House an employee of Defendant, had the power and exercised the power to authorized continue surveillance of Mr. Hodge for an additional four days through the Fishing Expo show. Accordingly, Plaintiff seeks testimony, from a 30(b)(6) PMK, as to the identities of the decision maker(s), meaning those individuals who had the authority to authorize the surveillance/investigation of Plaintiff in January 2010.

Accordingly, please designate a 30(b)(6) PMK for this Category.

**Category No. 12:** *The identities of all of your employees who communicated with Probe Information Services regarding Plaintiff and the substance of such communications.*

Defendant objects on the grounds that the terms "communicated" and "substance of such communication" are vague and ambiguous. If Defendant truly does not understand the meaning of these terms we will attempt to clarify what is being sought. The term communicated means refers to the transmittal of information in the form of facts, opinions, ideas inquiries, or otherwise, including, but not limited to, any and all electronic mail, facsimile, telephonic, hand written, video, or any other form of correspondence. The phrase "the substance of such communication" is in reference to the content of the communication, if any, that Defendant employees had with Probe Information Services.

Defendant objects, *inter alia*, in the grounds that the request presumes that any Sunset Scavenger employee other than Plaintiff communicated with Probe Information Services regarding Plaintiff. Defendant further states that at present, Defendant is unaware of any employee communicating with Probe Investigative Services regarding Plaintiff other than Plaintiff himself. Accordingly, if Plaintiff is the only employee to speak with Probe, Defendant should be able to designate a 30(b)(6) deponent to testify as to this communication.

**Category No. 15:** *The identities of all employees Tim Hester recommended for termination from January 1, 2007 to the present and the circumstances surrounding the termination(s).*

Defendant objects to this request, *inter alia*, on the grounds that the terms "recommended" and "circumstances surrounding the termination(s)" as vague and ambiguous. The term "recommended" is in reference to any suggestion, recommendation, determination made by Tim Hester to terminate a Defendant employee. With respect to a definition of the term "circumstances surrounding the termination(s)" please refer to the discussion above in Category No. 3.

Mr. Hester recommended that Plaintiff Hodge be terminated after allegedly conducting an internal investigation. Therefore, testimony as to other employees that Mr. Hester recommended for termination and the circumstances surrounding those terminations is essential to Plaintiff ascertaining if he was treated less favorably than his similarly-situated co-workers. Furthermore, it is reasonably calculated to lead to the discovery of animus, motive and intent on the part of Defendant and

circumstantial evidence of pretext.

Accordingly, please designate a 30(b)(6) PMK for this Category.

**Category Nos. 16 and 17**: *The identities of all employees disciplined/terminated for violation of Section 15(a) of the collective bargaining agreement between Norcal Waste Systems Inc. and the circumstances surrounding such discipline.*

Plaintiff will limit the temporal scope of these Categories to the time period of January 1, 2007 through the present.

Defendant objects to these Categories on the grounds that they are vague and ambiguous as tot he terms "disciplined", "violation" and "circumstances surrounding". With respect to "circumstances surrounding please see the definition above in response to Category No. 3. The term "disciplined" is in reference to any written or verbal counselings, suspensions, or corrective actions issued to Defendant employees. The term "violation" is in reference to an employee failing to abide by the rules and guidelines laid out in the Collective Bargaining Agreement with respect to Section 15(a).

These Categories are directly relevant to ascertaining whether or not Plaintiff was treated less favorably than his similarly-situated co-workers. Mr. Hodge was terminated for an alleged violation of Section 15(a) of the Collective Bargaining Agreement; therefore, testimony from a 30(b)(6) deponent concerning other individuals who have been disciplined and/or terminated for violating this same provision of the Collective Bargaining Agreement is essential to ascertaining if other individuals were treated more favorably. Furthermore, it is reasonably calculated to lead to the discovery of circumstantial evidence of pretext for Plaintiff's termination.

Accordingly, please designate a 30(b)(6) PMK for these Categories.

**Category No. 18, 19, 20, and 21**: *All the disciplines Mr. Alvaro, Mr. Alfonso, Mr. Ronald, and Mr. Rafael received throughout his employment with Sunset Scavenger Company.*

Defendant objects as to the term "disciplines" as being vague and ambiguous. This term is in reference to any and all written or verbal counselings, suspensions, corrective actions or other forms of corrective action to correct a behavior which is deemed to be in violation of any policies or procedures in place at Sunset Scavenger Company.

Defendant further objects to these Categories on the grounds that they are not reasonably calculated to lead to the discovery of admissible evidence. These individuals have been identified as having been terminated for violating Section 15(a) of the Collective Bargaining Agreement. Accordingly, ascertaining whether or not these individuals were afforded any progressive discipline and/or had a long history of disciplinary action is essential to ascertaining whether or not Plaintiff was treated less favorably, circumstantial evidence of pretext as well as "me too" circumstantial evidence of discrimination.

Accordingly, please designate a 30(b)(6) PMK for these Categories.

7

**Category No. 23**: *IDENTIFY all curbside collectors.*

With respect to Defendant's privacy objection, Plaintiff is amendable to the use of either numerical identifiers or use of initials of individuals in order to ensure there is no intrusion into third-party privacy rights. Furthermore, pursuant to the executed Protective Order, any intrusion into third party privacy rights can be designated according to this Protective Order. Please let us know if Defendant is amendable to this form of de-identification.

Plaintiff will further limit the temporal scope of this Category to the time frame of January 1, 2007 through the date of Plaintiff's termination.

With respect to Defendant's objection as to the definition of "IDENTIFY" as including whether or not they ever took disability leave is directly relevant to ascertain the demographics of the workforce. Plaintiff has alleged disability discrimination against Defendant; therefore, this request is reasonably calculated to lead to the discovery of circumstantial evidence of Defendant's animus, motive and intent as well as circumstantial evidence of pretext for Plaintiff's termination.

Accordingly, please designate a 30(b)(6) PMK for this Category.

**Category No. 24**: *IDENTIFY all employees who have been terminated after taking disability leave from 2007 to the present.*

With respect to Defendant's privacy objection, Plaintiff is amendable to the use of either numerical identifiers or use of initials of individuals in order to ensure there is no intrusion into third-party privacy rights. Furthermore, pursuant to the executed Protective Order, any intrusion into third party privacy rights can be designated according to this Protective Order. Please let us know if Defendant is amendable to this form of de-identification.

With respect to Defendant's objection as to the definition of "IDENTIFY" as including whether or not they ever took disability leave, again, Plaintiff has claimed, *inter alia*, a cause of action for disability discrimination. However, in light of the fact that this category seeks testimony as to the identity of employees who have been terminated after taking disability leave from 2007 to the present, Plaintiff will limit the term "identify", with respect to this Category only, to mean identify by initial or numerical identifier as well as by race.

Accordingly, please designate a 30(b)(6) PMK for this Category.

**Category No. 25**: *The hire date of all curbside recycling collectors working at Sunset Scavenger Company in 2010.*

Defendant objects on the grounds this Category is not reasonably calculated to lead to the discovery of admissible evidence. This Category is reasonably calculated to lead to the discovery of evidence of pertaining to the level of seniority Plaintiff Hodge held in relation to his similarly-situated comparators at the time of his termination.

8

**Category No. 26**: *All employees who were given light duty work as an accommodation for a disability.*

Defendant objects to this Category on the grounds that the terms "light duty work", "accommodation" and "disability" are vague and ambiguous. These terms are in reference to Defendant providing employees, who were injured, placed off of work or restricted in their work ability by a doctor, any modified, reduced, restricted, and/or diminished work schedule or duties in an effort to adhere to the employee's medical needs.

Defendant alleges that it provided Plaintiff with a light duty reasonable accommodation in relation to his January 2010 injury. Accordingly, testimony as to other employees who were given light duty work as an accommodation is reasonably calculated to lead to the discovery of animus, motive and intent of the Defendant as well as  circumstantial "me too" evidence of discrimination.

Accordingly, please designate a 30(b)(6) PMK for this Category.

We look forward to resolving these discovery disputes with you through the informal meet and confer process.  Please let us know if you would like to schedule a telephonic meet and confer regarding the remaining Categories. However, if we do not resolve these issues by the close of business on Tuesday, June 11, 2013, we will move to compel.

Very truly yours,

Spencer F. Smith

9

TRANSMISSION VERIFICATION REPORT

```
                                    TIME  : 06/10/2013 15:20
                                    NAME  : SMITH PATTEN
                                    FAX   : 4155200104
                                    TEL   : 4154020084
                                    SER.# : U62702J1N925790
```

```
        DATE,TIME           06/10  15:16
        FAX NO./NAME        3978549
        DURATION            00:03:12
        PAGE(S)             09
        RESULT              OK
        MODE                STANDARD
                            ECM
```

# Exhibit "E"



2029 Century Park East, Suite 3500

Los Angeles, California 90067-3021

(310) 277-7200

fax (310) 201-5219

www.seyfarth.com

# Facsimile Transmission

Date: June 11, 2013

| RECIPIENT | COMPANY | PHONE | FAX |
|---|---|---|---|
| Spencer F. Smith | Smith Patten | 415/402-0084 | 415/520-0104 |

**FROM:** Dana L. Peterson

**PHONE:** (310) 201-5265       **REPLY FAX:** **(310) 282-6960**

**RE:** *Hodge v. Sunset Scavenger Company, et al.*
USDC ND Cal. Case No. C12-01852

| File No. | 35655.000043 | Number of Pages, Including Cover | 2 |
|---|---|---|---|

☒ Hard copy to follow      ☐ Hard copy will not follow

☐ Per your request      ☐ Please review and revise if necessary

☐ Please telephone me

**MESSAGE:**

Please see attached.

15274239v.1 / 35655-000043

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

ANY TAX INFORMATION OR WRITTEN TAX ADVICE CONTAINED HEREIN (INCLUDING ANY ATTACHMENTS) IS NOT INTENDED TO BE AND CANNOT BE USED BY ANY TAXPAYER FOR THE PURPOSE OF AVOIDING TAX PENALTIES THAT MAY BE IMPOSED ON THE TAXPAYER. (THE FOREGOING LEGEND HAS BEEN AFFIXED PURSUANT TO U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE.)

**IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE PHONE AS SOON AS POSSIBLE.**



**SEYFARTH**
ATTORNEYS **SHAW** LLP

2029 Century Park East, Suite 3500

Los Angeles, California 90067-3021

(310) 277-7200

fax (310) 201-5219

www.seyfarth.com

Writer's direct phone
(310) 201-5265

Writer's e-mail
dpeterson@seyfarth.com

June 11, 2013

**VIA FACSIMILE AND U.S. MAIL**

Spencer F. Smith
Smith Patten
353 Sacramento St., Suite 1120
San Francisco, CA 94111

     Re:   **Hodge v. Sunset Scavenger Company**

Dear Spencer:

    I am at a client's facility today conducting back to back trainings. I was out of the office yesterday doing the same thing and have not had an opportunity to review your letter which I understand was faxed to my office sometime yesterday. I also do not have the underlying file with me, since you did not give me any indication before I left town on Sunday that you wanted to discuss this case while I was traveling. In the future, you need to provide me with more notice.

    I will be back in the office on Wednesday and we can schedule some time to speak then. Please provide me with some available times in the afternoon, so that I have an opportunity to review your letter in the morning before we speak.

               Very truly yours,

               SEYFARTH SHAW LLP

               *DICTATED BUT NOT READ IN ORDER TO EXPEDITE*

               Dana L. Peterson

DLP::ks

LONDON   WASHINGTON, D.C.   SAN FRANCISCO   SACRAMENTO   NEW YORK   LOS ANGELES   HOUSTON   CHICAGO   BOSTON   ATLANTA

THIS LETTERHEAD IS PRINTED ON RECYCLED STOCK 

# Exhibit "F"



**SMITH**

**PATTEN**

353 Sacramento St., Suite 1120
San Francisco, CA 94111
v 415-402-0084
f 415-520-0104
www.smithpatten.com

*VIA FACSIMILE NO.: (415) 397-8549*

June 11, 2013

Dana L. Peterson, Esq.
Soo Cho, Esq.
Seyfarth Shaw LLP
560 Mission Street, 31st Floor
San Francisco, California 94105

      Re:   *Hodge v. Sunset Scavenger Company, et al.*
             USDC Case No. 12-01852 PJH

Dear Ms. Peterson and Ms. Cho,

    This letter is in response to your fax of earlier today in which you state you will be available tomorrow to discuss Plaintiff's meet and confer letter regarding Defendant's objections to the categories of information in Plaintiff's Deposition of the Person Most Knowledgeable. I write to inform you that since we will be in the deposition of Dr. Balabegians tomorrow, Wednesday June 12, 2013, I will be prepared to meet and confer with you regarding the deposition of the Person Most Knowledgeable categories right after the deposition is completed.

    In addition to the PMK categories, I would also like to discuss the outstanding discovery issues for Plaintiff's Request Requests for Production of Documents, Set One. Plaintiff requests that Defendant confirm that it is not withholding any responsive documents to Plaintiff's First Set of Requests for Production of Documents. Specifically, due to the lack of e-mail communications in Defendant's productions, Plaintiff believes there is Electronically Stored Information that exists in the possession, custody, or control of Defendant that is directly responsive to Plaintiff's requests that have not been produced. If Defendant has not conducted a search of all Electronically Stored Information, Plaintiff can provide search terms, custodians, and a temporal scope. If Defendant has conducted such a search, Plaintiff would like confirmation that Defendant has searched all Electronically Stored Information, specifically for e-mail correspondence, for each and every request in Plaintiff's Request for Production of Documents, Set One.

1

Please be prepared to discuss the issues set forth above after the deposition of Dr. Balabegians tomorrow.

Very truly yours,

Spencer F. Smith

TRANSMISSION VERIFICATION REPORT

```
TIME : 06/11/2013 17:17
NAME : SMITH PATTEN
FAX  : 4155200104
TEL  : 4154020084
SER.# : U62702J1N925790
```

```
DATE,TIME          06/11  17:17
FAX NO./NAME       14153978549
DURATION           00:00:28
PAGE(S)            02
RESULT             OK
MODE               STANDARD
                   ECM
```

Exhibit "G"



# SMITH
# PATTEN

353 Sacramento St., Suite 1120
San Francisco, CA 94111
v 415-402-0084
f 415-520-0104
www.smithpatten.com

*VIA FACSIMILE NO.: (415) 397-8549*

June 12, 2013

Dana L. Peterson, Esq.
Soo Cho, Esq.
Seyfarth Shaw LLP
560 Mission Street, 31st Floor
San Francisco, California 94105

Re:    *Hodge v. Sunset Scavenger Company, et al.*
        USDC Case No. 12-01852 PJH

Dear Ms. Peterson and Ms. Cho,

This letter is to follow up from our telephonic meet and confer session of earlier today regarding Defendant's objections to Plaintiff's Notice of Deposition of the Person Most Knowledgeable and outstanding discovery disputes for Plaintiff's first set of Requests for Production of Documents. This is also to confirm that during this meet and confer, the parties continued their extensive settlement negotiations. Since Plaintiff and Defendant came to an impasse regarding the categories of information for the Deposition of the Person Most Knowledgeable, we notified you of our intent to move to compel. Plaintiff suggested to file the motion this Friday, June 14, 2013, however, Defendant suggested it would best to hold off on all discovery motions until June 20, 2013 to avoid interference with the settlement negotiations.

If this does not fully characterize the agreements from our conversation please contact me immediately. Otherwise, we look forward to resolving these issues.

Very truly yours,

Spencer F. Smith

1

TRANSMISSION VERIFICATION REPORT

```
TIME   : 06/12/2013 17:58
NAME   : SMITH PATTEN
FAX    : 4155200184
TEL    : 4154020084
SER.# : U62702J1N925790
```

```
DATE,TIME          06/12  17:57
FAX NO./NAME       14153978549
DURATION           00:00:16
PAGE(S)            01
RESULT             OK
MODE               STANDARD
                   ECM
```

# Exhibit "H"



# SMITH
## PATTEN

353 Sacramento St., Suite 1120
San Francisco, CA 94111
v 415-402-0084
f 415-520-0104
www.smithpatten.com

*VIA FACSIMILE NO.: (415) 397-8549 & (310) 282-6960*

June 13, 2013

Dana L. Peterson, Esq.
Seyfarth Shaw LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021

Soo Cho, Esq.
Seyfarth Shaw LLP
560 Mission Street, 31ˢᵗ Floor
San Francisco, California 94105

> Re:   *Hodge v. Sunset Scavenger Company, et al.*
>       USDC Case No. 12-01852 PJH

Dear Ms. Peterson and Ms. Cho,

This letter is to memorialize and follow-up on our telephonic meet and confer of today, June 12, 2013, regarding Plaintiff's 30(b)(6) deposition Categories.

First, for the Categories which request only the identities of employees, (i..e. Category Nos. 5, 7, 10, 11, 23, 24, 25, and 26) Plaintiff suggested Defendant, instead of designating a 30(b)(6) deponent, need only provide a declaration which includes the identities of the employees as well as what steps were taken to obtain those identities.

Second, for the Categories which request identities of employees as well as the circumstances surrounding the event(s), discipline(s) and/or termination(s) (i.e. Category Nos. 3, 4, 8, 9, 12, 15, 16, and 17), Plaintiff suggested if there are no employees to identify, then Defendant can provide a declaration to that effect along with how it that determination was made. However, if there are individuals identified, Defendant designate a 30(b)(6) deponent.

TRANSMISSION VERIFICATION REPORT

```
TIME  : 06/13/2013 09:35
NAME  : SMITH PATTEN
FAX   : 4155200104
TEL   : 4154020084
SER.# : U62702J1N925790
```

```
DATE,TIME            06/13  09:34
FAX NO./NAME         3978549
DURATION             00:00:58
PAGE(S)              05
RESULT               OK
MODE                 STANDARD
                     ECM
```

TRANSMISSION VERIFICATION REPORT

```
TIME  : 06/13/2013 09:45
NAME  : SMITH PATTEN
FAX   : 4155200104
TEL   : 4154020084
SER.# : U62702J1N925790
```

```
DATE,TIME                           06/13  09:42
FAX NO./NAME                        13102826960
DURATION                            00:02:57
PAGE(S)                             05
RESULT                              OK
CHECK READABILITY OF TRANSMITTED PAGE(S) 04
MODE                                STANDARD
```

TRANSMISSION VERIFICATION REPORT

TIME    : 06/13/2013 09:51
NAME    : SMITH PATTEN
FAX     : 4155200104
TEL     : 4154020084
SER.#   : U62702J1N925790

| | |
|---|---|
| DATE,TIME | 06/13  09:46 |
| FAX NO./NAME | 13102826960 |
| DURATION | 00:05:00 |
| PAGE(S) | 02 |
| RESULT | OK |
| CHECK READABILITY OF TRANSMITTED PAGE(S) | 02 |
| MODE | STANDARD |

Exhibit "I"



# SMITH
## PATTEN

353 Sacramento St., Suite 1120
San Francisco, CA 94111
v 415-402-0084
f 415-520-0104
www.smithpatten.com

*VIA FACSIMILE NO.: (415) 397-8549*

June 19, 2013

Dana L. Peterson, Esq.
Soo Cho, Esq.
Seyfarth Shaw LLP
560 Mission Street, 31st Floor
San Francisco, California 94105

        Re:   *Hodge v. Sunset Scavenger Company, et al.*
              USDC Case No. 12-01852 PJH

Dear Ms. Peterson and Ms. Cho,

      This letter is to follow up on Plaintiff's meet and confer correspondence of June 13, 2013 regarding Plaintiff's 30(b)(6) deposition Categories. As of the date and time of this letter we have not received any communication from Defendant in response to this meet and confer letter.

      Please provide us with a response as soon as possible. We prefer to resolve these issues through the informal meet and confer process; however, if we are unable to resolve these discovery issues by close of business Thursday, June 20, 2013, we will file a motion to compel.

Very truly yours,

Aimee Rosien
*Associate*
Smith Patten

TRANSMISSION VERIFICATION REPORT

```
TIME  : 06/19/2013 15:35
NAME  : SMITH PATTEN
FAX   : 4155200104
TEL   : 4154020084
SER.# : U62702J1N925790
```

```
DATE,TIME          06/19  15:35
FAX NO./NAME       3978549
DURATION           00:00:14
PAGE(S)            01
RESULT             OK
MODE               STANDARD
                   ECM
```

Exhibit "J"



2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
(310) 277 7200
fax (310) 201-5219
www.seyfarth.com

# Facsimile Transmission

Date:  June 20, 2013

| RECIPIENT | COMPANY | PHONE | FAX |
|---|---|---|---|
| Spencer F. Smith<br>Aimee Rosien | Smith Patten | 415/402-0084 | 415.520.0104 |

| FROM: | Dana Peterson | | |
|---|---|---|---|
| PHONE: | (310) 201-5265 | REPLY FAX: | (310) 282-6960 |
| RE: | Hodge v. Sunset Scavenger Company, et al.<br>USDC ND Cal. Case No. C12-01852 | | |

| File No. | 35655.000043 | Number of Pages, Including Cover | 2 |
|---|---|---|---|

- [x] Hard copy to follow
- [ ] Per your request
- [ ] Please telephone me
- [ ] Hard copy will not follow
- [ ] Please review and revise if necessary

## MESSAGE:

Please see attached.

15274239v 1 / 35655-000043

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT.  THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED.  IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S POSTAL SERVICE  THANK YOU

ANY TAX INFORMATION OR WRITTEN TAX ADVICE CONTAINED HEREIN (INCLUDING ANY ATTACHMENTS) IS NOT INTENDED TO BE AND CANNOT BE USED BY ANY TAXPAYER FOR THE PURPOSE OF AVOIDING TAX PENALTIES THAT MAY BE IMPOSED ON THE TAXPAYER  (THE FOREGOING LEGEND HAS BEEN AFFIXED PURSUANT TO U.S TREASURY REGULATIONS GOVERNING TAX PRACTICE.)

IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE PHONE  AS SOON AS POSSIBLE.



2029 Century Park East  Suite 3500
Los Angeles, California  90067-3021
(310) 277-7200
fax (310) 201-5219
www.seyfarth.com

Writer's direct phone
(310) 201-5265

Writer's e-mail
dpeterson@seyfarth.com

June 20, 2013

## VIA FAX (415-520-1003) AND U.S. MAIL

Spencer F. Smith
Aimee Rosien
Smith Patten
353 Sacramento St., Suite 1120
San Francisco, CA 94111

Re:  **Hodge v. Sunset Scavenger Company**

Dear Counsel:

We are conferring with our client regarding the categories of information for which we may be able to provide information via declaration as discussed with you and Mr. Smith during our last meet and confer regarding the 30(b)(6) deposition notice. We hope to have confirmation by the end of today regarding which categories for which the information requested is reasonably ascertainable and those for which we have no responsive information.

Also, we provided your office with dates next week for the PMK deposition(s) on which we have agreed to produce a deponent. Please let us know if you are still interested in going forward with the deposition on either of those dates. Please note that I will be out of the country and unavailable from July 3 through July 16; therefore, if we do not complete these depositions next week, we will need to look at dates after July 17th. Thank you.

Very truly yours,

SEYFARTH SHAW LLP

Dana L. Peterson

DLP:kjvr

15798111v.1