JOINT LETTER BRIEF
Case No. 4:12-cv-01852-PJH
HODGE V. SUNSET SCAVENGER
30(b)(6) DEPOSITION OF SUNSET SCAVENGER COMPANY

Pursuant to the Court's June 25, 2013 order, the Parties held an in-person meet and confer session on July 1, 2013. At that time, Plaintiff agreed to review Declarations for several of the categories of information, and proceeded, with an impending fact discovery cutoff to expedite the deposition in that fashion. Defendant provided declarations on July 26, 2013. At this point, Plaintiff seeks an order from the Court ordering the deposition to occur on a date certain and ordering that knowledgeable deponent(s) be produced.

### PLAINTIFF'S POSITION

Both parties agreed in the July 1, 2013 in-person meet and confer session, by way of accommodation, that Defendant would provide declarations hopefully in lieu of live testimony for certain categories of information.[1] Plaintiff reserved the right to determine whether follow up testimony would be required. With respect to these categories, Defendant's primary objection is third-party privacy. As set forth below, privacy considerations are outweighed by the direct relevance of the information, Plaintiff's compelling need for the information, the protections of the Stipulated Protective Order and possible de-identification of the information will resolve any remaining privacy concerns. Plaintiff offered the use of numerical identifiers or the use of initials to protect third-party identities.

Defendant's other primary objection is overbreadth. Defendant has not articulated the bases for the undue burden protection as required by case law. *Jackson* v. *Montgomery Ward & Co.,* 173 F.R.D. 524, 528-529 (D. Nev. 1997); *see also Burton Mechanical Contractors, Inc.* v *Foreman,* 148 F.R.D. 230, 233 (N.D. Ind. 1992).

Plaintiff's proposed resolution of the privacy concern is de-identification of individuals, along with Defendant's ability to designate any information as confidential under the Stipulated Protective Order. Plaintiff's proposed resolution of the overbreadth objection is to limit the scope of these requests to individuals who have been disciplined or terminated for similar conduct while on modified work duty.

### DEFENDANT'S POSITION

Plaintiff requested that Defendant produce a Person Most Knowledgeable regarding twenty-six categories. Many of these categories are overbroad in that they request irrelevant information regarding employees who are not similarly-situated to Plaintiff under the guise of requesting comparator information for Plaintiff's discrimination claim. *See Hardick* v. *Legal Services Corp.,* 96 F.R.D. 617, 619 (D.D.C. 1983) (holding that in employment discrimination cases where comparator information may be relevant, the scope of discovery into possible comparators is narrowly drawn). Moreover, the burdensome nature of attempting to comply with Plaintiff's requests outweighs even any marginal relevance the request information may have (though Defendant contends the requested information has no relevance). *See Hardin v. Wal-*

---

[1] Plaintiff does not wish to compel on Categories 4, 11, 12, 13. Defendant's Declarations eliminated the need for Plaintiff to compel a knowledgeable deponent on Categories 8, 16, 17, 18, 19, 20, 21, and 25.

*Mart Stores, Inc.,* 2011 U.S. Dist. LEXIS 138892, *7 (E.D. Cal., Dec. 2, 2011) (denying party's request for 30(b)(6) deposition as the request was unduly burdensome, requesting testimony irrelevant to the issues in the case). In addition to being overbroad and requesting irrelevant information, Plaintiff's requests violate the third-party privacy rights of Defendant's employees. Plaintiff requests information regarding terminations, disciplines, and disability leave, among other personal information, of Defendant's employees. This type of information is protected under California law and Plaintiff has failed to show a compelling need for this information. *See San Diego Trolley, Inc.* v. *Superior Court,* 87 Cal. App. 4th 1083, 1097-98 (2001)(denying discovery into personnel records because no compelling need was shown that outweighed the protection provided by the state and federal Constitutions). Defendant has used numerical identifiers in its July 26, 2013 declarations to the extent that the use of those identifiers addressed Defendant's concerns with third-party privacy.

***Category No.1 and 2:*** *Any and all investigations of your employees conducted by Jeff House/Tim Hester from January* 1, *2007 to the present.*

### PLAINTIFF'S POSITION

Category 1 and 2 seek directly relevant evidence or information pertaining to any investigation in which Jeff House or Tim Hester were actively involved with the internal process of investigating employees, whether or not Defendant used any outside contractors. Mr. House is the person to whom employees on modified duty are sent to receive their daily assignments. Investigations in which these two supervisory individuals are involved is directly relevant to proving Plaintiff's wrongful termination claim based upon disability and age. The supervisors' investigation of other similarly-situated employees is necessary to determine the animus, motive and intent of Defendant as well as circumstantial evidence of pretext. Proof of intent, through direct evidence or pretext, is required to prove Plaintiffs employment discrimination and wrongful termination claim. *Craig* v. *County of Los Angeles,* 626 F.2d 659 (9th Cir. 1980), *Williams* v. *Owens-Illinois, Inc.,* 665 F.2d 918,928 (9th Cir.1982), *Price Waterhouse* v. *Hopkins,* 490 U.S. 226 (1981), *Metryer* v. *Chassman,* 504 F.3d 919 (9th Cir. 2007). Plaintiff's proposed resolution is to limit these categories to investigations of individuals on modified duty, to target only those most similarly-situated to Plaintiff.

### DEFENDANT'S POSITION

Plaintiff is a former employee of Defendant's who was terminated for dishonesty after an investigation revealed that Plaintiff had misrepresented the scope of his work restrictions while on workers' compensation leave. Plaintiff has brought suit for retaliation, disparate treatment due to race, wrongful termination in violation of public policy and failure to pay accrued vacation and sick time upon termination. Categories 1 and 2 are overbroad, unduly burdensome and irrelevant to Plaintiff's claims, and violate third-party employee privacy. House and Hester have conducted numerous investigations into employee conduct including traffic collisions and other alleged safety infractions. The reasons for these investigations are wholly unrelated to the reasons for the investigation into Plaintiff's activities. In employment discrimination cases where comparator information is sought, discovery is usually limited to employees holding job positions similar to Plaintiff and displaying conduct similar to Plaintiff's conduct. *Vasquez* v. *County of L.A.,* 349 F.3d 634 (9th Cir. 2003); *Kirby* v. *City of Tacoma,* 98 P.3d 827, n.16 (Wash. 2004) (similarly situated employees must have the same supervisor, be subject to the same standards, and have engaged in the same conduct during the same time-frame). Not only is the

volume of requested information overbroad and unduly burdensome, Plaintiff requests irrelevant, private information regarding employees who have not displayed similar conduct to Plaintiff (misrepresentation of physical limitations).  Thus, it is not relevant. *See e.g. Haselhorst,* 163 F.R.D. at 11 (limiting discovery to plaintiffs "employing unit"); *Gheesling* v. *Chaler,* 162 F.R.D. 649, 650 (D. Kan. 1995) (same); *Miller* v. *Yuasa-Exide, Inc.,* 1995 U.S. Dist. LEXIS 22345 (D. Kan. 1995) (same); *Scales,* 925 F.2d at 906 (court limited discovery of employer's payroll records to employees in same department in which plaintiff worked).

***Category No. 3****: The identities of each and every employee who was terminated for dishonesty from January* 1*, 2007 to the present and the circumstances surrounding such termination.*

### PLAINTIFF'S POSITION

Category 3 seeks the age, disability status and race of other employees who were terminated for dishonesty.  Plaintiff was terminated for dishonesty for not following an ambiguous doctor's order after not having a temporary disability accommodated by the employer with modified duty.   This category seeks information that will probe the troubling similarities in the terminations:   why all employees who are terminated for dishonesty over a period of several years *received the exact same letter of termination setting forth the reasons for termination*.   As such, this category is directly relevant to establishing the motive and intent of Defendant with respect to terminating its employees.  The compelling public policy of eradicating discrimination and retaliation in the workplace establishes Plaintiff's compelling need for this information. *Life Technologies Corp. v. Superior Court* (2011) 197 Cal.App.4th 640, 653.   The stipulated protective order attenuates any privacy invasion (*Pioneer Electronics (USA) v. Superior Court* (2007) 40 Cal. 4Th  360, 371) and Plaintiff has offered de-identification as further means of protecting privacy.   Plaintiff's proposed resolution is that a witness be ordered to appear to testify as to the age, disability status and race of the individuals who were terminated under these circumstances.

### DEFENDANT'S POSITION

Defendant has already provided the identities and race of each employee terminated for dishonesty. Plaintiff now asks for the "circumstances surrounding such termination" which constitutes private personnel information protected from disclosure by California law. Cal. Code Civ. Proc. § 1985.6 (legislature provides employees with an express right of privacy in employment records).  The burden of showing a compelling need for this information rests on the party seeking discovery. *Britt v. Super. Ct.,* 20 Cal. 3d 844, 848 (1978); *see also Olympic Club v. Super. Ct.,* 229 Cal. App. 3d 358, 363 (1991) ("In ordinary civil litigation, a plaintiff's need for information will not easily override a third party's privacy rights.")

Here, Plaintiff has failed to show how the circumstances surrounding the termination of the employees-in-question is relevant in establishing discriminatory animus toward Plaintiff (beyond making a conclusory statement to that effect). *See e.g. Bickley v. Schneider Nat 'l, Inc.,* 2001 U.S. Dist. Lexis 40674, \*6-9 (N.D. Cal Apr. 8, 2011)(denying discovery into employee personnel records when the requested information is irrelevant to the allegations in the action); *San Diego Trolley, Inc. v. Superior Court,* 87 Cal. App. 4th 1083,1097-98 (2001)(denying discovery into personnel records because no compelling need was shown that outweighed the protection provided by the state and federal Constitutions); *Harding Lawson Associates v. Superior Court,*

l0 Cal. App. 4th 7, 9-10 (1992) (denying discovery into employees' personnel files as overbroad and unjustified for failure to show compelling need).

***Category No. 9***: *The identities of each and every one of your employees who communicated with Dr. Brad Moy or any of his officers, directors, employees, agents and/or representatives regarding Plaintiff and the substance of the communication.*

### PLAINTIFF'S POSITION

Category 9 seeks information concerning communications between anyone at Defendant and Dr. Brad Moy, the workers compensation doctor who turned Plaintiff's "charlie horse" into a an opportunity perform a battery of tests and place Plaintiff on work restrictions without any consideration of Plaintiff's artificial knee replacements.   Defendant provided a declaration that was filled with evasive language and speculation concerning communications between Defendant and Dr. Moy.   These communications, are of course, central to Plaintiff's case that Defendant unlawfully accessed Plaintiff's private medical information in violation of multiple laws and regulations and improperly influenced Dr. Moy's treatment and diagnosis of Plaintiff.  Defendant should be Ordered to produce a deponent to bind Defendant under penalty of perjury concerning the circumstances surrounding any and all communications between Defendant and Dr. Moy.

### DEFENDANT'S POSITION

Plaintiff attempts to articulate some nexus between this request and the allegations in his Complaint.  However, the above allegations are entirely absent from Plaintiff's Complaint or from any prior representation to the court regarding the scope of Plaintiff's claims in this case.  This is in fact, the first time Defendant is hearing of these theories "central" to Plaintiff's case.  As stated above, this case is about racial discrimination and retaliation for taking FMLA leave.  The requested discovery is irrelevant to these theories.

Be that as it may, Defendant provided a declaration from Sunset Scavenger's Safety Manager and primary person who administers the workers' compensation program attesting that the scope of his communication with Dr. Moy or anyone in Dr. Moy's office was limited to the receipt of faxes from Dr. Moy's office regarding Plaintiff's work restrictions.  Mr. House also attested that he spoke with Sheila Domdoma, Shop Steward who assists him in maintaining the workers compensation files and the only other individual who may have had contact with Dr. Moy or anyone in Dr. Moy's office regarding Plaintiff.  Ms. Domdoma confirmed that she did not speak to Dr. Moy or anyone in his office.  The deponent for this category would be Mr. House, who would simply reiterate his declaration testimony.  As such, no deponent is necessary.

***Category No. 15***:*The identities of all employees Tim Hester recommended for termination from January 1, 2007 to the present and the circumstances surrounding the termination(s).*

### PLAINTIFF'S POSITION

Category 15 is directly relevant to proving the motive and intent of individuals involved in Plaintiff's termination.  Plaintiff is seeking circumstantial evidence of a bias with regards to the employees Mr. Hester recommends for termination as circumstantial evidence of an improper motive in violation of public policy.   Category 15 is not vague or ambiguous: Plaintiff clarified

the term "recommended" to mean any suggestion, recommendation, or determination made by Tim Hester to terminate a Defendant employee. The term "circumstances surrounding the termination(s)" is defined in Category 3.  The compelling public policy of eradicating discrimination and retaliation in the workplace establishes Plaintiff's compelling need for this information. *Life Technologies Corp. v. Superior Court* (2011) 197 Cal.App.4th 640, 653.  The stipulated protective order attenuates any privacy invasion (*Pioneer Electronics (USA) v. Superior Court* (2007) 40 Cal. 4th  360, 371) and Plaintiff has offered de-identification as further means of protecting privacy.

### DEFENDANT'S POSITION

Plaintiff requests the "circumstances surrounding the termination(s)" which constitutes private personnel information.  Plaintiff has failed to show how the circumstances surrounding the termination of employees terminated for infractions that are not similar to the basis for Plaintiffs termination shows racially-motivated bias, beyond making a conclusory statement to that effect. As such, Plaintiff fails to show a compelling public need for this information that overrides the employees' constitutionally protected right to privacy. *See* Defendant's Position re: Category No. 3.

Moreover, as explained above, in employment discrimination cases where comparator information is sought, discovery is usually limited to employees displaying conduct similar to Plaintiff s conduct.   Here, Plaintiff requests irrelevant information on a far broader class of individuals including, for example, employees terminated for attendance or poor performance. *See* Defendant's Position re: Category Nos. 1-2.

**_Category No. 23_**: *IDENTIFY all curbside recycling collectors.*

### PLAINTIFF'S POSITION

For Category 23, Plaintiff seeks the demographic profile of everyone in Plaintiffs position to use as a baseline for statistical analysis. Statistical data can be strong circumstantial evidence of a discriminatory animus and is admissible in disparate treatment cases. *Lynn* v. *Regents ofUniv. a/Cal.,* 656 F.2d 1337, 1342-43 (9th Cit. 1981), *see McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 800, 93 S. Ct. 1817, 1823,36 L. Ed. 2D 668 (1973). Plaintiff already agreed to limit the temporal scope of this Category to the time frame of January 1, 2007 through the date of Plaintiff's termination. Plaintiff's proposed resolution is that the employees be identified by race, age, disability status and be assigned a numerical identifier.

### DEFENDANT'S POSITION

Defendant has provided a declaration which identified Sunset Scavenger employees who held positions substantially similar to Plaintiff's position, (Plaintiff was categorized as a "Driver-Fantastic 3"), and were employed between January 1, 2007 and Plaintiff's termination. Defendant identified employees by numerical identifier, and provided information regarding the employee's race, date of birth and whether the employee took disability leave during their employment.  Defendant has fully complied with Plaintiff's request for information and a deposition is therefore not warranted.

**_Category No. 24_**: *IDENTIFY all employees who have been terminated after taking disability leave from 2007 to the preset.*

**PLAINTIFF'S POSITION**

Defendant provided a declaration indicating that 54 individuals were terminated within one year of taking disability leave, but provided no further detail concerning this category of information. This is a statistically significant number of employees who were terminated in relatively close temporal proximity to having taken disability leave. Plaintiff attempted to obtain this information through the use of interrogatories (Nos. 3, 4) and Requests for Production of Documents (Request Nos. 6, 11, and 12); however, Defendant did not provide the responsive information (54 individuals) in response to those written discovery requests. Obviously, this large number of terminations within one year of disability leave is potentially admissible "me too" evidence (*Sprint/United Management Co. v. Mendelsohn* (2008) 128 S.Ct. 1140), and circumstantial evidence of an improper motive in selecting employees for termination by probing the relevant particulars of Defendant's harsh discipline of those using disability leave. (*Forsberg v. Pac. Northwest Bell Tel. Co.,* 840 F.2d 1409, 1419 (9th Cir. 1988). Defendant should be ordered to produce a deponent to testify as to the circumstances surrounding this

**DEFENDANT'S POSITION**

Defendant has fully complied with all past discovery requests and the current dispute is limited to Plaintiff's 30 (b)(6) deposition notice. Plaintiff's request asks Defendant to "IDENTIFY" all employees terminated after taking disability leave. Plaintiff agreed to limit this request to employees terminated within one year of taking disability leave. Plaintiff defined "IDENTIFY" to include "the person's race, date of birth, and whether or not they ever took disability leave." Defendant has provided all information requested in the category. In other categories, Plaintiff has explicitly requested information surrounding the circumstances of terminations (*see, e.g.* Category No. 3, 4, 8). Category No. 24 does not request that information. Plaintiff cannot now increase the scope of the request after the close of fact-discovery.

**Category No. 26:** *All employees who were given light duty as an accommodation for a disability.*

**PLAINTIFF'S POSITION**

Defendant provided a declaration concerning Defendant's record-keeping of modified duty. That Declaration, however, essentially disclaimed any knowledge of what modified duties were provided to any of Defendant's employees. As such, Defendant should be Ordered to provide a knowledgeable witness concerning this category of information to answer questions concerning how modified duty is determined, and whether Defendant can change an employee's work restrictions.

**DEFENDANT'S POSITION**

Plaintiff's request asks simply for all employees who were given light duty as an accommodation for a disability. Defendant has responded by providing a numerical break down of the number of employees provided light duty in each relevant year and the number of days those employees worked light duty. Plaintiff again tries to increase the scope of the request, after the close of discovery, now requesting a deponent regarding "how modified duty is determined and whether Defendant can change an employee's work restrictions." These issues are in no way encompassed by the request and Plaintiff should not be allowed to circumvent the close of fact-discovery.

Dated: August 9, 2013            /s/ Dow W. Patten
                                              DOW W. PATTEN
                                              Attorneys for Plaintiff
                                              Forrest Wayne Hodge


Dated: August 9, 2013            /s/ Dana L. Peterson
                                              DANA L. PETERSON
                                              Attorneys for Defendant