UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FORREST WAYNE HODGE, | No. C 12-01852 WHO (LB) |
| Plaintiff, | |
| v. | **ORDER RE: 8/30/2013 JOINT LETTER BRIEF** |
| SUNSET SCAVENGER COMPANY, a California Corporation, and DOES 1-10, | [Re: ECF No. 73] |
| Defendants. | |

**INTRODUCTION**

The parties ask for clarification regarding the scope of document production contemplated in the court's August 15 order regarding Category 23. Joint Letter Brief, ECF No. 73; 8/15/13 Order, ECF No. 70 at 4-5.[1] The court finds this matter suitable (at least right now) for determination without a hearing under Civil Local Rule 7-1(b) and issues this order directing the parties to confer about scope and burden and, if they cannot resolve their differences, to submit a short letter describing their differences so that the court can schedule a telephonic discovery case management conference.

**ANALYSIS**

On August 15, 2013, the court held a hearing and then issued an order resolving discovery

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

ORDER (C 12-01852 WHO (LB))

disputes raised in the parties' August 8 joint letter brief. *See* ECF Nos. 66, 70. The parties' dispute revolved around the scope of a 30(b)(6) deponent's testimony. *See* ECF No. 66 at 1. The parties were exploring mechanisms such as declarations and other written discovery to streamline the 30(b)(6) testimony and provide other mechanisms for producing information short of a PMK deposition. *See id.* Thus, their joint letter brief sometimes asked for deposition testimony and sometimes asked for or argued about evidence or data. *See id.* at 4 (category 15 asks for "evidence"), 5 (category 23 asks for "statistical data"). As a result, the court's 8/15/13 order sometimes ordered deposition testimony and sometimes ordered production of discovery (because that is how the parties couched their requests).

The parties then filed a new joint discovery letter brief seeking clarification about the scope of production contemplated by the court's August 15 order as to category 23. *See* Joint Letter Brief, ECF No. 73; 8/15/13 Order, ECF No. 70 at 4-5. The order attempted to accommodate the parties' different objectives by limiting Plaintiff to what it asked for as an alternative to deposition testimony: a declaration regarding the demographic profiles of other Sunset employees in Plaintiff's position. 8/15/13 Order, ECF No. 70 at 5. At the same time, because Plaintiff's request for production asked for broader information than his deposition notice, it appeared that Plaintiff's ability to access discoverable information was preserved. *See id.* Because the information was relevant and apparently subsumed in document requests or other deposition topics, the court's order said that and ordered documents produced (to the extent that they had not been produced already). *See id.* The court's approach – perhaps reflected more fully on the record at the hearing – was that limiting Plaintiff here to what he asked for was not preventing access to discoverable information.

In the new letter, Sunset raises two issues.

The first is that the discovery requests, which were served on May 22 as part of the notice for a June 11 deposition, were untimely because they were served less than 30 days before the June 14 close of fact discovery. Joint Letter Brief, ECF No. 72 at 1-2.

At this point, all deadlines (including the close of expert discovery and Judge Hamilton's previously-set trial date) are vacated. *See* Order Postponing Dates, ECF No. 71. Also, the docket shows the parties' attempts to resolve disputes. And the approach explored most recently was

1  designed to streamline a 30(b)(6) deposition by exploring written alternatives, which is a process
2  that manages costs for everyone. The court also discussed the discovery issues thoroughly with the
3  parties at the August 15 hearing, including issues about document production, and it was not
4  apparent either at the hearing or in the prior letter that document requests were an issue. Indeed, the
5  whole approach was to substitute written and document discovery for 30(b)(6) deposition testimony.
6  For all of these reasons, the court does not view that it is necessary or appropriate to limit
7  discoverable information merely because Plaintiff did not make the requests 30 days before the
8  deposition date or close of fact discovery. (The parties also have substantial procedural
9  disagreements about whether there is a time bar in any event. *See* Joint Letter Brief, ECF No. 73 at
10 1-3.) Thus, to the extent that Sunset asks for reconsideration, the court declines to reconsider its
11 August 15 order for discovery.

12 Sunset raises a fair second point, however, which is the scope and burden of additional
13 production of documents. *See* Joint Letter Brief, ECF No. 73 at 2. It argues that retrieval of all
14 documents relating to 235 employees' personnel files would be burdensome and apparently would
15 duplicate information. *Id.* at 2-3. Plaintiff responds that he is not seeking all documents but instead
16 seeks only certain documents regarding Plaintiff's comparators who were terminated in close
17 proximity to taking leave. *Id.* at 4. On its face, Plaintiff's proposal appears reasonable, though the
18 court cannot tell on this record what the additional documents and burden might be and assumes that
19 Sunset's chart provides some illumination.

20 The court observes that Plaintiff has been amenable to limiting and refining his discovery
21 requests to avoid burden (as the parties' attempts to streamline 30(b)(6) testimony show). He says
22 that his approach is the same here. *See* Joint Letter Brief, ECF No. 73 at 4 (discovery sought is not
23 as broad as Defendant says). Given that approach, and the procedural clarification that this order
24 provides, the parties should meet and confer to address scope and burden arguments and see if they
25 cannot resolve them. Both parties have an incentive to be flexible and work with each other.
26 Sunset's request for clarification was carefully worded and seems to recognize that – given the
27 court's prior order – scope is the issue. *See id.* at 2. From Plaintiff's perspective, the court's
28 approach generally is flexible as to fact discovery disputes fairly subsumed in discovery requests

ORDER (C 12-01852 WHO (LB))
3

and raised in a reasonably timely way, but there are grey areas here that the court decided in Plaintiff's favor, and the court's view is that Plaintiff should be flexible here.

If the parties cannot work out their differences, they are welcome to submit a short letter describing what underlying documents are at issue and what the burdens are. The court then will schedule a short call at the next available case management or motions calendar. The parties may arrange that by calling courtroom deputy Lashanda Scott at 415-522-3140.

## CONCLUSION

This disposes of ECF No. 73.

**IT IS SO ORDERED.**

Dated: September 9, 2013

LAUREL BEELER
United States Magistrate Judge

ORDER (C 12-01852 WHO (LB))

4